## DUNBAR v. BRAZORIA COUNTY et al.

### No. 12126.

Court of Civil Appeals of Texas. Galveston.
Oct. 27, 1949.

Rehearing Denied Nov. 17, 1949.

Davis & Henderson, of Angleton, for appellant.

Masterson & Pope, of Angleton, and Harrison & Wellborn, of Alvin, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order of the District Court of Brazoria County sustaining a plea to the jurisdiction of that court to hear appellant's suit to set aside an order of the Commissioners Court of Brazoria County removing appellant from the office of County Road Engineer of Brazoria County and that he be found to be the qualified County Road Engineer of that county until such time as he was legally removed. Appellant also sought recovery from Brazoria County of the sum of $500 per month from the 7th day of July, 1948, until the date of the hearing thereof, alleged to be the salary due him as County Road Engineer from the date of his discharge from said office by the Commissioners Court.

Appellees plead a compliance by them with the terms of the Optional Road Law of the State of Texas in removing appellant from the office of County Road Engineer and alleged that the district court was without jurisdiction to entertain jurisdiction of appellant's asserted cause of action.

Appellees' plea to the jurisdiction was sustained and the proceeding was ordered dismissed.

Appellant relies on two points of asserted error: He contends that the court erred in holding that the Commissioners Court had authority to remove him as County

Road Engineer for the reason that the County Road Engineer was a public officer of the State of Texas, and under Article 5, Section 24 of the Constitution of the State of Texas, Vernon's Ann.St., the district court is vested with exclusive jurisdiction of all proceedings for the removal of county officers.

Under his second point, appellant contends that the County Road Law of 1947, Vernon's Ann.Civ.St. art 6716—1, under which he was appointed, does not prescribe what tribunal has jurisdiction to remove him and that Article 5, Sec. 8 of the Constitution of the State of Texas provides that the district court shall have general original jurisdiction over all causes of action for which jurisdiction is not provided by law.

This appeal arose over the discharge of appellant by the Commissioners Court of Brazoria County from the position of County Road Engineer.

The record reflects that the Commissioners Court employed appellant as County Road Engineer under the provisions of the Optional Road Law of 1947 which had been adopted by Brazoria County. On June 7, 1948, the Court, by a majority vote, removed appellant from his office as County Road Engineer and sent him a copy of the order of removal as provided under Sec. 7 of the Optional Road Law, Article 6716—1 of the Revised Statutes, Vernon's Ann.Civ.St.

On June 15, 1948, appellant requested that the Commissioners Court furnish him a written statement detailing the reasons for his discharge and that he be given a public hearing. On June 6 and 7, 1948, he was given the hearing before the Court after which the Commissioners Court entered the order of removal complained of.

The controlling issue presented in the appeal is whether the office of County Road Engineer, which is provided for under Article 6716—1 of the Revised Civil Statutes of Texas, is a public officer within the meaning of the Constitution and therefore not subject to removal by the Commissioners Court notwithstanding the fact that Sec. 7 of Article 6716—1 authorizes his removal by a majority vote of the Commissioners Court.

It was stipulated by the parties that appellant had been properly qualified as County Road Engineer of Brazoria County and that Brazoria County had adopted the provisions of "the Optional County Road Law of 1947", Article 6716—1, Vernon's Ann.Civ.St.; that on or about June 8, 1948, appellant was furnished with written notice of his removal from the office by the Commissioners Court and that he requested of the Commissioners Court that he be informed of the nature of the charges against him, and that he be given a hearing on these charges before either of the district judges of Brazoria County.

After the hearing of the charges against appellant, the Commissioners Court entered an order removing him from the office of County Road Engineer.

Article 6716—1, Vernon's Annotated Civil Statutes, Acts 50th Legislature, 1947, Chapter 178, page 288, authorizes the employment of a County Road Engineer to have general supervision of the roads of a county, if the provisions of the statute are adopted by a majority vote of its qualified voters.

Sections 1 and 2 of the Article are not, we think, material to the consideration of the instant case. Section 3 of said Article vests the construction and maintenance of county roads in the county road department and provides that it shall be composed of the Commissioners Court "as the policy-determining body" the County Road Engineer "as the chief executive officer", and other administrative personnel and road employees.

Section 4 of said Article provides that the administration of the road department shall be on the basis of the county as a whole without regard to Commissioners' precincts.

Section 5 provides that: "The County Road Engineer shall be appointed by the Commissioners Court. He shall be a licensed professional engineer, experienced in road construction and maintenance, who

shall meet the qualifications required by the State Highway Department for its county engineers."

Section 6 provides for salary of not to exceed $7200 per year, the exact amount to be determined by the Commissioners Court, out of the road and bridge fund of the county.

Section 7 provides that: "The County Road Engineer shall hold his position for an indefinite term and may be removed by a majority vote of the Commissioners Court. Removal shall not become effective until thirty (30) days after he shall have been notified in writing of the intention of the Commissioners Court to remove him, and until after a public hearing on the question of his removal shall have been held, if such a hearing is requested by the Commissioners Court in writing by the County Road Engineer."

Section 8 provides that in the absence or inability of the County Road Engineer to perform his duties, the Commissioners Court may designate a qualified administrative officer to perform these duties during such absence or inability.

The other sections of said Article 6716—1 are not, we think, material to this appeal.

Article 5, Section 24 of the Constitution of the State of Texas provides that "County Judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury."

An analysis of said Article 6716–1 discloses, we think, that the County Road Engineer is not a public officer within the meaning of the Constitution, but that he is a member of the administrative personnel under the Commissioners Court.

■ In Volume 134 Texas Jurisprudence, page 322, it is said that: "Many judicial definitions of a 'public office' are to be found in the reported cases but they are substantially of the same import. It is said to be a right to exercise a public function or employment and take the fees and emoluments belonging to it; 'a public station or employment conferred by the appointment of government'; and 'the right, authority and duty created and conferred by law, by which, for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public.' The individual so invested is a public officer. He is a person who exercises some functions of the government—one who is commissioned or authorized to perform any public duty."

In the case of Kimbrough v. Barnett, 93 Tex. 301, 55 S.W. 120, 122, the Supreme Court of this state, in defining the term "office" in its opinion says: "The term 'office' is defined by Mr. Mechem, in his work on Public Officers (Section 1), thus: 'Public office is the right, authority, and duty created and conferred by law, by which, for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public.'"

In the case of Knox v. Johnson, Tex. Civ.App., 141 S.W.2d 698, 700, writ of error refused, the court, quoting with approval from 53 A.L.R. 595, said: "It may be stated, as a general rule deducible from the cases discussing the question, that a position is a public office when it is created by law, with duties cast on the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature and not occasional or intermittent; while a public employment, on the other hand, is a position which lacks one or more of the foregoing elements."

■ From the above authorities, it is apparent, we think, that the determining factor which distinguishe a public officer from an employee is whether any sovereign function of the government is conferred

upon the individual to be exercised by him for the benefit of the public largely independent of the control of others.

■ From an analysis of said Article 6716—1, it is, we think, apparent that the legislature intended in enacting the Statute to make the County Road Engineer a member of the administrative personnel of the County Road Department and not an officer as contemplated in Article 16, Section 30 of the Constitution of this State.

The Article provides that the County Road Engineer shall hold his position for an indefinite term and that he may be removed by a majority vote of the Commissioners Court.

Article 16, Section 30 of the Constitution of this state provides that all offices not fixed by the Constitution shall never exceed two years. The fact that the legislature provided that the position of County Road Engineer should be for an indefinite term and that he may be removed by the Commissioners Court and the fact that under Section 9 of the Statute he is made responsible to the Commissioners Court for the efficient and economical construction and maintenance of the county's roads indicate, we think, that the legislature did not intend to make the County Road Engineer a public officer within the meaning of the Constitution.

In the case of Robertson v. Ellis County, 38 Tex.Civ.App. 146, 84 S.W. 1097, 1098, no writ, the court, in passing on the question as to whether the position of stenographer which was created by a legislative act was an office within the meaning of the word as used in the Constitution said, "* * * While the fact that the position of stenographer is designated in the act providing for its creation as an office * * * affords some reason for determining it to be such, still it is believed the place possesses none of those sovereign functions of the judicial department of the government to which it relates, to distinguish it from a mere employment to perform a species of service, under public authority, for the assistance and convenience of the court and parties litigant therein, in which no judicial discretion or judgment is involved. * * * We conclude that while the position of a stenographer, under the statute in this state, may be, in a sense, an office, and the term thereof may continue for a longer period than two years, yet there is no such sovereign function of government embraced in the powers conferred upon the individual performing its duties as brings it within the meaning of the word 'office' as used in the section of the Constitution quoted."

It follows, we think, from above conclusions, that the judgment of the trial court must be in all things affirmed.

Affirmed.