

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 3, 1962



This Opinion
Overrules Opinion
# O-4663

Hon. R. L. Lattimore
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Dear Mr. Lattimore:

Opinion No. WW-1412

Re: Whether a tax assessor and
collector of an independent
school district must reside
within such district.

You have requested an opinion from this office upon the question of whether a tax assessor and collector of an independent school district must reside within such district, or as stated in similar terms:

"Whether a tax assessor and collector of an independent school district is a public officer within the terms of Article XVI, Section 14 of the Texas Constitution."

You have pointed out in your letter that there appears to be a conflict between Attorney General's Opinion No. 0-4663 (1942), and the case of Aldine Independent School District v. Standley, 154 Tex. 547, 280 S.W.2d 578 (1955).

Section 14, Article XVI of the Constitution of Texas provides that:

"All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held."

Attorney General's Opinion No. 0-4663 (1942) held that:

". . . the tax assessor and collector of taxes of an independent school district must reside within the district and that a failure to comply with that condition shall constitute a vacation of the office."

This conclusion was based upon the following reasoning set forth in Attorney General's Opinion No. 0-4663 (1942):

"From a consideration of the foregoing authorities and in view of the duties imposed upon the tax assessor and collector by the statutes referred to above, we think that it is clear that a person appointed to that office is such an officer as comes within the scope of Article XVI, Section 14 of the Texas Constitution. ○ . ○ " (Emphasis added)

However, in the recent case of Aldine Independent School District v. Standley, supra, the Supreme Court of Texas had before it the question of whether the tax assessor and collector of a school district was a public officer within the contemplation of Section 24 of Article V, of the Constitution of Texas, and Section 30 of Article XVI of the Constitution of Texas. The Supreme Court in its opinion stated that:

"We think it apparent from a reading of the above statutes, that an assessor-collector of taxes appointed by a school board is not only not of equal power and privileges with the trustees; but, on the contrary, is only an agent or employee of such school board at its discretion. The board alone has the power to levy and cause to be collected the annual taxes and to determine whether such office exists. ○ ○ ○

". . .

"We hold that respondent is not a 'public officer' within the contemplation of Article V, Section 24, or Article XVI, Section 30 of our State Constitution. ○ ○ ○" (Emphasis added)

In Aldine Independent School District v. Standley, supra, the Supreme Court quotes the following from the case of Dunbar v. Brazoria County, 224 S.W.2d 738 (Civ.App. 1949, error ref.):

"From the above authorities, it is apparent, we think, that the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." (Emphasis added)

In applying the rule in Dunbar v. Brazoria County, supra, the Supreme Court in Aldine Independent School District v. Standley, supra, states that:

"It is claimed by respondent that the assessing and collecting of taxes is a part of the sovereign power of the State. That is correct, but a reading of the statutes relative to the assessment and collection of taxes, as above set forth, shows that this power is lodged by the Legislature and Constitution in the school board, and not in the office of the assessor-collector. He is but an agent or employee of the Board to discharge the clerical duties necessary to carry out the school Board's powers of taxation." (Emphasis added)

In view of the decision of the Supreme Court of Texas in the case of Aldine Independent School District v. Standley, supra, we are of the opinion that as the tax assessor and collector of an independent school district is merely an employee or agent of the Board of Trustees of such school district he is therefore not a "civil officer" within the contemplation of Section 14 of Article XVI of the Constitution of Texas, and therefore would not have to reside within the territorial confines of such school district. Attorney General's Opinion No. 0-4663 (1942) is hereby overruled insofar as it conflicts with the decision reached herein.

## SUMMARY

The tax assessor and collector of an independent school district is not a "civil officer" within the contemplation of Section 14 of Article XVI of the Constitution of Texas and would not have to reside within the territorial confines of such school district.

Yours very truly,

WILL WILSON
Attorney General of Texas

PB:mkh:wb
APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Bill Allen
Bob Shannon
Cecil Rotsch

By Pat Bailey
Pat Bailey
Assistant

REVIEWED FOR THE ATTORNEY GENERAL

BY: Leonard Passmore