

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 6, 1962

Mr. F. A. Taylor
County Auditor
Brazoria County
Angleton, Texas

Dear Mr. Taylor:

Opinion No. WW-1346

Re: Payment of claims for
equipment, materials and
supplies used in construc-
tion of county roads, and
related questions.

Your request for an opinion asks the following ques-
tions:

"(1) Upon the refusal of the County Road
Administrator to certify that the equipment,
material, and supplies have been received, and
that the charges made for the same are correct,
can I, as County Auditor, pay the bills even if
ordered to do so by the Commissioners' Court?

"(2) What are my duties with reference to
investigation to determine whether or not these
bills are proper and that the County did in fact
receive the material, equipment, and supplies?

"(3) Can the Commissioners' Court of Brazoria
County under the Optional Road Law act as a fact-
finding body and certify the facts to me that the
equipment, material, and services were delivered
and performed and that the charges for the same are
correct when the County Road Administrator refuses
to make such certification on the grounds that he
has no information available upon which to base
such certification, and such equipment, materials
and supplies were not ordered, authorized, or
ratified by him?

"(4) After the recent 'Hurricane Carla' the
Federal Government granted Brazoria County a
specific sum of money for the alleviation of hard-
ship, public health, and the restoration of bridges,
roads, and highways. When bills are incurred under
this Grant, whose duty is it to certify to me the
facts necessary to show that the particular services

and materials come under this Grant and Aid
when the County Road Administrator refuses to
do so on the ground that he has no knowledge of
the goods having been delivered or the materials
having been furnished or the labor having been
performed?"

The statutes of this State confer the powers to build
and maintain the county roads upon the commissioners court and
the commissioners court in discharging its duty must consider
the needs of the county as a whole. Canales v. Laughlin, 147
Tex. 169, 214 S.W.2d 451 (1948); Stovall v. Shivers, 129 Tex.
256, 103 S.W.2d 363 (1937); Guerra v. Rodriguez, 239 S.W.2d 915
(Civ.App. 1951). In Guerra v. Rodriguez, supra, it was held:

"Article 2351, Vernon's Ann.Civ.Stats.,
places general control over all county roads
in the Commissioners' Court, but various stat-
utes have provided special methods by which
the court may perform or delegate these func-
tions. Canales v. Laughlin, 147 Tex. 169, 214
S.W.2d 451, 457. (1) It may let the work on con-
tract to independent contractors. Art. 6753
Vernon's Ann.Civ.Stats. (2) It may appoint an
overseer for each road precinct and designate
all hands liable to work on public roads. Arts.
6718-6736, 6739, 6755. (3) It may employ not more
than four road commissioners. Arts. 6737-6742.
(4) It may appoint a road superintendent for the
county or one for each precinct. Arts. 6743-6761.
(5) Provided the county has forty thousand in-
habitants, the members of the Commissioners'
Court shall be ex-officio road commissioners of
their respective precincts. Art. 6762. (6) It
may employ a County Road Engineer with broad
statutory powers in the event the county by an
election determines to adopt the Optional County
Road Law of 1947. Art. 6716-1."

In Dunbar v. Brazoria County, 224 S.W.2d 738 (Civ.App. 1949,
error ref.), the court, in considering the question of whether
the county road engineer of Brazoria County, employed pursuant
to the Optional Road Law adopted by Brazoria County, was a public
officer, stated:

"After the hearing of the charges against appellant, the Commissioners Court entered an order removing him from the office of County Road Engineer.

"Article 6716-1, Vernon's Annotated Civil Statutes, Acts 50th Legislature, 1947, Chapter 178, page 288, authorizes the employment of a County Road Engineer to have general supervision of the roads of a county, if the provisions of the statute are adopted by a majority vote of its qualified voters.

"Sections 1 and 2 of the Article are not, we think, material to the consideration of the instant case. Section 3 of said Article vests the construction and maintenance of county roads in the county road department and provides that it shall be composed of the Commissioners Court 'as the policy-determining body' the County Road Engineer 'as the chief executive officer,' and other administrative personnel and road employees.

"Section 4 of said Article provides that the administration of the road department shall be on the basis of the county as a whole without regard to Commissioners' precincts.

"Section 5 provides that: 'The County Road Engineer shall be appointed by the Commissioners Court. He shall be a licensed professional engineer, experienced in road construction and maintenance, who shall meet the qualifications required by the State Highway Department for its county engineers.'

"Section 6 provides for salary of not to exceed $7200 per year, the exact amount to be determined by the Commissioners Court, out of the road and bridge fund of the county.

"Section 7 provides that: 'The County Road Engineer shall hold his position for an indefinite term and may be removed by a majority vote of the Commissioners Court. Removal shall not become effective until thirty (30) days after he shall

have been notified in writing of the intention of the Commissioners Court to remove him, and until after a public hearing on the question of his removal shall have been held, if such a hearing is requested by /of/ the Commissioners Court in writing by the County Road Engineer.'

"Section 8 provides that in the absence or inability of the County Road Engineer to perform his duties, the Commissioners Court may designate a qualified administrative officer to perform these duties during such absence or inability.

". . .

"From an analysis of said Article 6716-1, it is, we think, apparent that the legislature intended in enacting the Statute to make the County Road Engineer a member of the administrative personnel of the County Road Department and not an officer as contemplated in Article 16, Section 30 of the Constitution of this State.

"The Article provides that the County Road Engineer shall hold his position for an indefinite term and that he may be removed by a majority vote of the Commissioners Court."

It is apparent from Dunbar v. Brazoria County, supra, that the construction and maintenance of county roads under the Optional Road Law is vested in the commissioners court.

In Attorney General's Opinion O-6506 (1945), it was held:

"Where supplies have been purchased under contract by the commissioners' court or under emergency requisitions authorized by the commissioners' court, the functions of the county auditor with respect to such purchased are defined in Articles 1660 and 1661, Vernon's Annotated Civil Statutes. Under the provisions of said Articles the County Auditor's function is to examine 'all claims, bills and accounts against the county' (Art. 1660) and 'he shall not

audit or approve any such claim unless it
has been contracted as provided by law, nor
any account for the purchase of supplies or
materials for the use of said county or any
of its officers, unless, in addition to other
requirements of law, there is attached there-
to a requisition signed by the officer ordering
same and approved by the county judge. Said
requisition must be made out and signed and
approved in triplicate by the said officers,
the triplicate to remain with the officer
desiring the purchase, the duplicate to be
filed with the county auditor, and the original
to be delivered to the party from whom said
purchase is to be made before any purchase shall
be made.' (Art. 1661).

"With reference to the matter of requisi-
tions, Article 1661 clearly states that requisi-
tions are to be signed by the officer making the
purchase and approved by the county judge. We
find no authority for the county auditor to re-
quire, as a prerequisite to approval of a claim
based on such purchase, that the requisition shall
be signed or approved by him when the purchase is
made.

" . . .

"Although the county auditor has general
oversight over the finances of the county, the
exercise of such oversight with reference to
purchases made and expenses incurred for the use
of the county or by certain officers in the con-
duct of their offices, is defined and controlled
by the specific provisions of the statutes pertain-
ing to such purchases and expenses. In view of
the foregoing and in view of the facts given, it
is the opinion of this department that the county
auditor is not authorized to require, as a pre-
requisite to his approval of a claim or items of
expense, that all requisitions for such purchases
or expense items shall be signed or approved by
him at the time the purchase is made or the expense
incurred."

In Attorney General's Opinion WW-1328 (1962), it was
held:

"Attorney General Opinion V-1111 (October 3, 1950) construed the duties of the county auditor to examine and approve claims in connection with expenses of visiting district judges. We believe that the facts of the opinion are sufficiently in point for it to be relevant.

"Article 1660, Vernon's Civil Statutes, requires that no claim, bill or account shall be allowed or paid by the commissioners court until it has been examined and approved by the county auditor. Section 10 of Article 200a provides that when district judges are assigned to districts other than their own, they shall receive actual expense for travel and subsistence which shall be paid out of the General Fund of the county in which their duties are performed, upon accounts certified and approved by the presiding judge of the administrative district.

"The opinion held that expense accounts of the visiting district judge are subject to audit by the county auditor from a 'bookkeeping standpoint,' but such audit is not to be construed so as to authorize a county auditor to review the legality of items of expenditure contained in the expense account when the same has been certified and approved by the presiding judge of the administrative district."

In view of the foregoing authorities, it is our opinion that the Commissioners Court of Brazoria County is the fact-finding body to determine whether equipment, material and services were delivered to the county, and the reasonable value of such equipment and services.

It is our further opinion that the county auditor is required to pay bills if Articles 1660 and 1661, Vernon's Civil Statutes, are complied with.

This opinion is not to be construed as passing on any fact question. Such questions must be determined by the Commissioners Court of Brazoria County.

## S U M M A R Y

The Commissioners Court of Brazoria County is the fact-finding body to determine whether equipment, material and services were delivered to the county, and the reasonable value of such equipment and services.

The county auditor is required to pay bills if Articles 1660 and 1661, Vernon's Civil Statutes, are complied with.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Henry Braswell
Jerry Roberts
Grundy Williams
J. C. Davis

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore