

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

January 11, 1965

The Honorable Byron Tunnell
Speaker of the House of Representatives
Austin, Texas

Opinion No. C-374

Re: Authority of the Speaker to
appoint persons to fill cer-
tain positions in the House
of Representatives, and re-
lated questions.

Dear Mr. Tunnell:

Your request for an opinion reads as follows:

"I request that you advise me of the
following:

"1. Are the following positions Offi-
cers of the House of Representatives under the
Constitution and Statutes of the State of Texas
and the permanent rules of the House of Represent-
atives of the Fifty-eighth Legislature?

 a. Chief Clerk
 b. Sergeant-at-Arms
 c. Reading Clerk
 d. Journal Clerk
 e. Doorkeeper
 f. Assistant Reading Clerk
 g. Calendar Clerk
 h. Chaplain
 i. Parliamentarian

"2. Would the appointment by the Speaker
of persons to fill these positions or any of
them, be in violation of the Constitution or
Statutes of the State of Texas?

"I have found no statute creating the
positions but I enclose herewith a copy of the
Daily House Journal of the Fifty-eighth Legis-
lature which reflects the manner this has been
previously handled."

In determining whether the positions referred to in your request are officers or employees of the House of Representatives, we are governed by the principles of law announced in Aldine Independent School District v. Standley, 154 Tex. 547, 280 S.W.2d 578 (1958) and Dunbar v. Brazoria County, 224 S.W.2d 738 (Tex.Civ.App. 1949, error ref.), distinguishing an officer from an employee. The distinction made in the foregoing cases is stated in the following language:

> "From the above authorities, it is apparent, we think, that the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others."

In the Dunbar case, the Court held that a county road engineer was not an officer under the provisions of Section 24 of Article V of the Constitution of Texas. In Aldine Independent School District v. Standley, supra, the Supreme Court of Texas held that an assessor-collector of taxes appointed by the school district board of trustees was not an officer, quoting the language of the Dunbar case referred to above.

In Knox v. Johnson, 141 S.W.2d 698 (Tex.Civ.App. 1940, error ref.), the Court stated:

> ". . . Much has been written on whether the occupant of a public position is a public officer as contradistinguished from a public employee. The best and most comprehensive discussion of this subject that we have found is contained in State of Montana ex rel. Barney v. Hawkins, 79 Mont. 506, 257 P. 411, 53 A.L.R. 583-595, wherein decisions from many states are cited and reviewed. See, also, 34 Tex.Jur. §2, p. 322; 46 C.J. §2, p. 922; 22 R.C.L. §2, p. 372. The rule deduced by the annotator in 53 A.L.R. 595, from numerous cases reviewed in determining the status of such a public position, is as follows: 'It may be stated, as a general rule deducible from the cases discussing the question, that a position is a public office when it is created by law, with duties cast on the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned,

and which also are continuing in their nature and not occasional or intermittent; while a public employment on the other hand, is a position which lacks one or more of the foregoing elements."

In Knox v. Johnson, supra, the Court held that the Superintendent of the San Antonio State Hospital was an officer, stating:

". . . He is required to take the constitutional oath of office, and execute an official bond as is required of other state officers. He is made a custodian of and responsible for state property and state funds. His 'term of office' and the salary therefor are fixed by law. Definite and specific governmental duties and powers are imposed upon him in which the State as a whole is interested. Manifestly, he discharges strictly a governmental function affecting the public as a whole, and clearly is an officer of the State."

Applying the foregoing principles to the positions named in your request, we note that none of the positions are created by statute or Constitutional provision. On the contrary, they are provided for by House resolution. None of the positions require the taking of an oath of office or the making of an official bond. No tenure is provided for any of the positions. The persons occupying the positions perform no sovereign function of government independent of the control of others. See H.S.R. No. 592 of the 58th Legislature, page 2654 et seq. of the House Journal.

Similar resolutions have been passed in prior sessions of the Legislature. See H.S.R. No. 274 of the 51st Legislature, page 4171 et seq. of the House Journal; H.S.R. No. 425 of the 54th Legislature, page 3534 et seq. of the House Journal; and H.S.R. No. 479 of the 55th Legislature, page 2712 et seq. of the House Journal.

In view of the foregoing, you are advised that all of the positions named in your request are employees of the House rather than officers, as that term is used in Section 9, Article III of the Constitution of Texas.

Section 9 of Article III of the Constitution of Texas provides in part:

"... The House of Representatives shall, when it first assembles, organize temporarily, and thereupon proceed to the election of a Speaker from its own members, and each House shall choose its other officers."

Since the positions referred to in your request are employees of the House, you are advised that the appointment by the Speaker of persons to fill these positions would not be in violation of any provision of the Constitution or statutes of this State. The Speaker's appointive powers, as to such employees, will be dependent upon powers granted to the Speaker by the House.

## SUMMARY

Appointment by the Speaker, pursuant to authority conferred by resolution adopting rules of the House, of persons to fill the positions of Chief Clerk, Sergeant-at-Arms, Reading Clerk, Journal Clerk, Doorkeeper, Assistant Reading Clerk, Calendar Clerk, Chaplain and Parliamentarian will not violate any Constitutional or statutory provision of this State.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Malcolm L. Quick
Grady Chandler
George Gray

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone