

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 2, 1969

Honorable Enrique H. Pena
County Attorney
El Paso County
El Paso, Texas

Opinion No. M-484

Re: Whether an employee of
a county or a hospital
district must be a resi-
dent of the State, County
or Hospital District.

Dear Mr. Pena:

You have requested an opinion from this office upon the question of whether an employee of a county or hospital district must be a resident of the State, County or Hospital District.

This office has heretofore concluded in Attorney General's Opinion Number WW-1412 (1962) that a tax assessor and collector of an independent school district would not have to reside within the territorial confines of the school district of his employment; and in Attorney General's Opinion Number M-308 (1969), the opinion was expressed that a deputy constable did not have to reside within the precinct he served as such deputy.

Your letter, however, poses one additional matter that was not covered in the two former opinions, that being whether a person had to be a resident of the State as well as of the County or Hospital District in order to be eligible for employment.

The only constitutional or statutory requirement as to residence of public officials or employees pertains to civil officers and is found in Section 14, Article XVI of the Constitution of Texas, which provides:

- 2310 -

"All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held."

Public officers or civil officers of this State occupy a different status than an employee, and the distinguishing feature was stated by the Supreme Court of Texas in <u>Aldine Independent School District v. Standley</u>, 154 Tex. 547, 280 S.W.2d 578 (1955), wherein the following was quoted from the case of <u>Dunbar v. Brazoria County</u>, 224 S.W.2d 738 (Civ.App. 1949, error ref.):

"From the above authorities, it is apparent, we think, that the determining factor which distinguishes a public officer from an employee is <u>whether any sovereign function of government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others</u>." (Emphasis added.)

The above holding by our Supreme Court is recognized by the statement and authorities cited in 42 American Jurisprudence 890, Public Officers, Section 12, from which we quote:

"A position is a public office when it is created by law, with duties cast on the incumbent which involve some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature and is not occasional or intermittent; while a public employment, on the other hand, is a position in the public service which lacks sufficient of the foregoing elements or characteristics to make it an office."

It would appear that employees who do not meet the criteria set forth in the above authorities for holders

of a public office would not have to be residents of the State, County or Hospital District where employed.

### S U M M A R Y

An employee of a county or hospital district, as distinguished from an officer thereof who exercises sovereign powers for the benefit of the public largely independent of the control of others, is not required to be a resident of the State, County or Hospital District where employed.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Gordon C. Cass
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Roland Allen
James M. Mabry
Brandon Bickett
Arthur Sandlin

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant