

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 11, 1969

Honorable Gordon H. Lloyd
Executive Secretary
Employees Retirement System of Texas
Capitol Station
Austin, Texas 78711

Opinion No. M- 470

Re: Construction of
Art. 6228a, Section
3B1, V.C.S.

Dear Mr. Lloyd:

You have requested our opinion as to the meaning of paragraph 1, of Subsection B, Section 3, Article 6228a, V.C.S., as said paragraph was amended by Section 1, of Chapter 814, (H.B. 1065), page 2433, Acts of the 61st Leg., effective September 1, 1969. As amended, this paragraph reads as follows:

> "B. The membership of said Retirement System as an elective State official of the State of Texas shall be composed as follows:
>
> 1. The membership of said Retirement System shall be composed of <u>any elective state official or appointee in an elective office of the state, including all elected</u> or appointed members of the State Legislature, officers of either house of the State <u>Legislature who are either appointed or elected by the members of either or both houses of the State Legislature,</u> and also including District Attorneys receiving salaries paid by the state from the State General Revenue Fund, but shall not include any elective official in the Judicial, Education, District, or County, of the State of Texas other than those expressed eligible as provided herein." (Emphasis added.)

- 2344 -

You desire an opinion on whether "employees" of the Senate and the House of Representatives may be placed in a class with those Retirement System members who are elected by the people, or who are appointed to fill a vacancy in an elective office.

It is our opinion that the word "officers" when used in a statute, is deemed a word connoting duration, tenure and exercise by the individual of a part of the sovereignty of the State of Texas.  Dunbar v. Brazoria County, 224 S.W.2d 738, (Tex.Civ.App. 1949, error refused); Knox v. Johnson, 141 S.W.2d 698 (Tex.Civ.App., 1940, error refused).

The statutory phrase "officers of either house" is not defined in the Act, and thus must be interpreted as having its usual and legal meaning.  Such phrase does not refer to the employees of either the House of Representatives or of the Senate, but to those officials who exercise the attributes of an "officer" and who exercise sovereign power, and who take the Constitutional oath of office prior to entering upon their duties.  We do not believe it was the legislative intent to refer to employees, since the Legislature is on notice that such employees are already a part of a class of State employees or appointed officers who are now covered by State Employee Retirement benefits. Art. 6228a, Sec. 3B2, V.C.S.

It is also to be noted that Article 6228a, Vernon's Civil Statutes, as amended, provides for two classes of members in the State Employee Retirement System:  (1) Elected officials and (2) Appointed officials and state employees.  In H.B. 1065 (Chapter 814, page 2433, Acts of the 61st Leg., effective September 1, 1969), this class of "elected state officials" is defined as follows:

> "1.   The membership....shall be composed of any elective state official or appointee in an elective office of the state, including all elected or appointed members of the State Legislature, officers of either house of the State Legislature who are appointed or elected by the members of either or both houses of the State Legislature and also including District Attorneys receiving

salaries paid by the state from the State
General Revenue Fund...." (Emphasis added.)

Under the doctrine of ejusdem generis, the compo-
nents of this elected class can only include "officers",
for those listed as the ones "included" in this elective
class are all officers, towit: (1) Members of the Legis-
lature; (2) District Attorneys, and (3) Officers of either
house, etc. required to take the Constitutional oath of
office prior to entering upon the discharge of their du-
ties. 13 Tex.Jur.2d 319, Contracts, Section 139. The
rule is also stated in 64 Tex.Jur.2d 282, Words and
Phrases, as follows:

"The doctrine of ejusdem generis is that where
general words follow an enumeration of particu-
lar classes of persons or things, the general
words are not to be construed most liberally
or to their widest extent. On the contrary,
they are to be construed as applying only to
persons or things of the same general nature
or class as those specifically enumerated."

In view of the meaning of the word "officers" and
the statutory description of this class to include only
elective officers and officers of either house, you are
advised that no person who is merely an employee of either
of the two houses of the State Legislature can be con-
sidered by you under H.B. 1065 to be a member of a class
of elected officials; nor can you so consider them to be
in a class with "elected officials" for the purpose of
computing contributions and retirement benefits for such
persons in a manner different from that computed for other
State employees. This classification of officers of ei-
ther house must be done prospectively. Attorney General
Opinion M-413 (1969).

## SUMMARY

The phrase "officers of either house of the
State Legislature who are either appointed
or elected by the members of either or both
houses of the State Legislature" in H.B.
No. 1065 (Chapter 814, page 2433, Acts of

61st Leg., R.S., 1969) does not include or apply to employees of the State Legislature, but does apply to those officers of either house who are required to take the Constitutional oath of office prior to entering upon the discharge of their duties and are appointed or elected for a specified term, and exercise sovereign powers of the state.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Harold Kennedy
John Grace
Alfred Walker
Houghton Brownlee, Jr.
Neil Williams

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant