

# The Attorney General of Texas

August 2, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Jay G. Stanford
Executive Director
Texas Advisory Commission on
  Intergovernmental Relations
P. O. Box 13206
Austin, Texas 78711

Opinion No. H-1221

Re: Whether service on the Texas Advisory Commission on Intergovernmental Relations is creditable under V.T.C.S. article 6228a, section 4H.2.

Dear Mr. Stanford:

You have requested our opinion on whether a member of the Texas Advisory Commission on Intergovernmental Relations, who had previously established retirement credit with the Employees Retirement System of Texas as a member of the Veterans Affairs Commission, can receive credit under V.T.C.S. article 6228a, section 4H.2. for service in his new capacity.

Under section 4H.2. a member of the Employees Retirement System may claim credit for

> [s]ervice as a Board member of a statutory Texas State department, agency, or commission having state-wide jurisdiction, the employees of which, under requirements of law, are members of the Employees Retirement System; provided that such service was not in a full time salaried position but was subject to confirmation by the Senate of Texas.

(Emphasis added). The office of the Employees Retirement System of Texas has taken the position that

> board service was not creditable unless the agency involved exercised some portion of the sovereign powers of the state of Texas. Section 4(H)(2) of Article 6228a requires that the agency involved "have statewide jurisdiction." An advisory board has no jurisdiction at all.

Thus, the question presented is whether the Texas Advisory Commission on Intergovernmental Relations has "statewide jurisdiction" within the meaning of section 4H.2.   Assuming that the Employees Retirement System definition of "statewide jurisdiction" is correct, we conclude that the commission does, in fact, exercise some portion of the sovereign powers of the State of Texas and therefore possesses "statewide jurisdiction."

In Knox v. Johnson, 141 S.W.2d 698 (Tex. Civ. App. — Austin 1940, writ ref'd) the court considered whether a hospital superintendent qualified as a state officer. After recognizing that "a position is a public office when it is, created by law, with duties . . . which involve an exercise of some portion of the sovereign power," the court discussed the badges of holding a portion of the sovereign power. Id. at 700 quoting from Annot., 53 A.L.R. 595 (1928).   These badges include, the administration of an oath of office, the requirements of a budget report, the imposition of definite and specific governmental powers and duties in which the state as a whole is interested, a term of office and compensation fixed by law, and a custodial responsibility for state property and funds.   See Dunbar v. Brazoria County, 224 S.W.2d 738 (Tex. Civ. App. — Galveston 1949, writ ref'd).

Clearly the Texas Advisory Commission on Intergovernmental Relations possesses these same badges of sovereign power.   Members of the commission are required to take an oath of office under V.T.C.S. article 16.   The commission is required to issue an annual public report on its work.   V.T.C.S. art. 4413 (32b), § 1. A term of office and compensation is fixed by law for its members.   Id. §§ 7, 8. The legislature has imposed definite and specific governmental powers and duties on the commission including the establishment of various reporting and evaluation systems and the coordination of studies on government activity.   Id. §§ 1, 10.   Under section 12 of 4413(32b), the commission can contract for and expend appropriations from the State.   It is the opinion of this office that the Texas Advisory Commission on Intergovernmental Relations possesses a portion of the sovereign powers of the State of Texas and consequently has "statewide jurisdiction" within the meaning of section 4H.2.   Thus we conclude that service on the commission is creditable by the Employees Retirement System of Texas under article 6228a, section 4H.2., V.T.C.S.

## S U M M A R Y

The Texas Advisory Commission on Intergovernmental Relations has "statewide jurisdiction" as required in article 6228a, section 4H.2., V.T.C.S.   Service on the commission is creditable by the Employees Retirement System of Texas.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn