

February 24, 2023

The Honorable Matthew E. Minick
Hardin County Attorney
Post Office Box 516
Kountze, Texas 77625

>**Opinion No. KP-0434**
>
>Re: Whether a commissioner of an emergency services district may also serve as a volunteer fire fighter for the emergency services district (RQ-0477-KP)

Dear Mr. Minick:

You ask whether a person may simultaneously serve as a volunteer fire fighter for an emergency services district (ESD) and a commissioner on the ESD's board of commissioners.[1] You explain that another county's attorney previously concluded this type of dual service is prohibited by the common-law doctrine of incompatibility. *See* Request Letter at 1 (citing County Attorney Opinion Number CL-97-014 from Nueces County); Attachment at 2 (concluding the incompatibility doctrine prohibits a commissioner of a rural fire prevention district from simultaneously serving as a volunteer fire fighter in that district). You question whether the fact that rural fire prevention districts have converted to ESDs impacts that conclusion. *See* Request Letter at 1; TEX. HEALTH & SAFETY CODE § 775.026(a) (providing that "[e]ach rural fire prevention district created under former Chapter 794 is converted to an emergency services district operating under this chapter [775]"). To address your question, we consider both the constitutional prohibition against dual officeholding and the common-law doctrine of incompatibility.

**Constitutional Prohibition on Dual Officeholding**

Article XVI, subsection 40(a) of the Texas Constitution provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument[.]" TEX. CONST. art. XVI, § 40(a). This dual-officeholding prohibition applies if both positions are civil offices of

---

[1]*See* Letter and Attachment from Matthew E. Minick, Hardin Cnty. Att'y, to Off. of the Att'y Gen., Op. Comm. at 1 (Aug. 29, 2022), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2022/ RQ0477KP.pdf ("Request Letter" and "Attachment"). We understand your question to involve an ESD that assumes the role of service provider and is "directly responsible for hiring the men and women (or accepting volunteers)" to provide emergency services to the residents of the district. TEX. ASSOC. OF FIRE & EMERGENCY DIST., ESD HANDBOOK (2017) at 43–44 (discussing the various methods by which ESDs provide emergency services and explaining that some contract for services with other entities, some undertake the role of service provider themselves, and some have combination departments).

emolument.[2] *See id*. The determinative factor distinguishing an "officer" from a non-officer is "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (quoting *Dunbar v. Brazoria Cnty.*, 224 S.W.2d 738, 740 (Tex. Civ. App.—Galveston 1949, writ ref'd)). An emolument is "a pecuniary profit, gain or advantage." *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994, orig. proceeding).

In Attorney General Opinion GA-1036, this office determined that an ESD commissioner holds an office of emolument. *See* Tex. Att'y Gen. Op. No. GA-1036 (2014) at 1. While the statute related to commissioner compensation cited in that opinion was amended in 2017, a commissioner still receives compensation for his or her services. *See* TEX. HEALTH & SAFETY CODE § 775.038(a-1) (providing a commissioner "is entitled to receive compensation in the same manner and amount as are provided by Section 49.060, Water Code"); *see also* TEX. WATER CODE § 49.060(a) (providing that "[a] director is entitled to receive fees of office of not more than $150 a day for each day the director actually spends performing the duties of a director"). Thus, the conclusion in GA-1036 is not impacted by the statutory amendment.[3]

This office has consistently determined that a volunteer fire fighter does not hold an office. *See* Tex. Att'y Gen. Op. Nos. JC-0385 (2001) at 1, H-665 (1975) at 2. Because the position of volunteer fire fighter is not an office for purposes of article XVI, section 40 of the Texas Constitution, its prohibition against dual officeholding does not preclude an ESD commissioner from simultaneously serving as volunteer fire fighter for the ESD.

**Common-Law Doctrine of Incompatibility**

Next, we consider the common-law doctrine of incompatibility which prohibits dual public service in cases of self-appointment, self-employment, and conflicting loyalties. *See Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). Relevant here, self-employment incompatibility precludes an officer from being employed in a position over which the officer has employment authority. *See* Tex. Att'y Gen. Op. No. KP-0172 (2017) at 2. "Self-employment" is not limited to an "employment" as one might commonly understand the term, but instead can include a position performed in a voluntary capacity. *See* Tex. Att'y Gen. Op. No. GA-0536 (2007) at 4. Rather than the nature of the position as employee or volunteer, "[t]he fundamental consideration under the self-employment aspect [of the incompatibility doctrine] is the *supervision* of the subordinate" by the officer. Tex. Att'y Gen. Op. No. GA-0826 (2010) at 2 (emphasis added) (quoting Tex. Att'y Gen. Op. No. GA-0738 (2009) at 2).

---

[2]*See Tilley v. Rogers*, 405 S.W.2d 220, 224 (Tex. Civ. App.—Beaumont 1966, writ ref'd n r.e.) (recognizing there is no distinction between "civil office" and "public office").

[3]*See also* TEX. HEALTH & SAFETY CODE § 775.0366(c) (evidencing that an ESD commissioner holds a civil office of emolument by providing that a commissioner acting under a contract under the section "does not, because of that action, hold *more than one* civil office of emolument or more than one office of honor, trust, or profit" (emphasis added)).

You do not provide any information about the volunteer fire fighter's supervision or chain of command. *See generally* Request Letter. For instance, a fire chief directly supervises volunteer fire fighters in some ESDs. *See, e.g.*, LUMBERTON FIRE & EMS HARDIN COUNTY E.S.D. #2, https://lumbertonfireems.com/about/ (explaining the fire chief reports to the board of commissioners and all other fire personnel report to the chief); *see also* TEX. HEALTH & SAFETY CODE § 775.083(a)(5) (acknowledging that the positions of general manager, executive director, or fire chief may exist). But an ESD is ultimately governed by a board of commissioners. *See* TEX. HEALTH & SAFETY CODE §§ 775.034, .0341, .0345, .035 (all providing for a board of commissioners to serve as an ESD's governing body). State law provides that the ESD board of commissioners may "appoint and employ necessary officers, agents, and employees" and shall "administer the district." *Id.* §§ 775.031(a)(3), .036(a)(5). Thus, having a fire chief does not insulate the volunteer fire fighter from ultimate control of the ESD board. *See* Tex. Att'y Gen. Op. No. KP-0418 (2022) at 2 (explaining that self-employment incompatibility applies when the officer is in the direct chain of supervision over the position). Assuming the ESD undertakes the role of service provider, we conclude a volunteer fire fighter for an ESD is immediately or ultimately subordinate to the ESD board of commissioners. *See supra* note 1; *cf. also* Tex. Att'y Gen. Op. No. GA-0360 (2005) at 5 (concluding an ESD accountant is employed by the district and presumably serves at the board's will). Consequently, a court would likely conclude that the common-law doctrine of incompatibility bars a person from simultaneously serving as a volunteer fire fighter for an ESD and a commissioner on the ESD's board of commissioners. This conclusion is not affected by the conversion of rural fire prevention districts to ESDs.

## **S U M M A R Y**

A court would likely conclude that the common-law doctrine of incompatibility bars a person from simultaneously serving as a volunteer fire fighter for an emergency services district and a commissioner on the ESD's board of commissioners.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT E. WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee