
March 5, 2025

The Honorable Sean B. Galloway
Andrews County Attorney
121 N.W. Avenue A
Andrews, Texas 79714

**Opinion No. KP-0487**

Re: Whether a county commissioner may simultaneously serve as chief of the local fire department (RQ-0551-KP)

Dear Mr. Galloway:

You ask whether the common-law doctrine of incompatibility prohibits a county commissioner from simultaneously serving as a fire chief of the county volunteer fire department, "a 501(c)(3) charitable organization"[1] that provides fire and emergency-response services to county residents.[2]

Specifically, you suggest that the common-law doctrine of incompatibility prohibits a person from holding both positions due to the relationship between the Andrews Volunteer Fire Department ("AVFD") and Andrews County. Request Letter at 5. You explain that the "[f]unding for the AVFD is provided by [the] County and the City of Andrews," and as such, the AVFD fire chief's duties include "preparing and presenting the general budget and monetary requests" to the County. *Id.* at 1–2. You further explain that the County "maintains a trust account where all AVFD funds are deposited," which the County disburses "on request of the AVFD." *Id.* at 2, 5. You say that the funds provided by the County are "used for" expenses, such as "training, emergency call-out pay, and [half] of the retirement pension." *Id.* at 2; *see also id.* at 10 (Exhibit 2, indicating that the County and the City of Andrews "share in cost of 'call out pay,' insurance, and pension benefits"). You inform us that the AVFD fire chief is "not paid a salary above and beyond the same call-out fee per emergency response that is paid to each volunteer firefighter." *Id.* at 2. Additionally, you tell us that the County purchases, titles, and provides insurance on large equipment for the AVFD's use. *Id.* at 2, 5. Mindful of this relationship, we turn to your question.

---

[1] While you do not provide bylaws or documents related to this organization, we rely on the facts provided and note that additional information may alter our conclusion. *See* Tex. Att'y Gen. Op. No. KP-0446 (2023) at 1 n.2.

[2] *See* Letter and Exhibits from Hon. Sean B. Galloway, Andrews Cnty. Att'y, to Off. of the Tex. Att'y Gen., Op. Comm. at 1 (July 25, 2024), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2024/RQ0551KP.pdf ("Request Letter") (on file with the Op. Comm.).

**Article XVI, subsection 40(a) of the Texas Constitution excepts county commissioners from the dual officeholding prohibition.**

We begin by briefly addressing the constitutional prohibition against dual officeholding. Article XVI, subsection 40(a) of the Texas Constitution prohibits a person from simultaneously holding more than one "civil office of emolument." TEX. CONST. art. XVI, § 40(a). County commissioners, however, are expressly excepted from this constitutional prohibition. *Id.* ("No person shall hold or exercise at the same time, more than one civil office of emolument, except that of Justice of the Peace, County Commissioner . . . ."). Thus, the Constitution's prohibition on dual officeholding does not apply in the scenario you present.

**The common-law doctrine of incompatibility does not bar a county commissioner from simultaneously serving as the AVFD's fire chief.**

Next, we consider the main focus of your request, which is whether the common-law doctrine of incompatibility precludes an individual from simultaneously serving in the two positions at issue.[3] Request Letter at 1. The doctrine has three aspects: self-appointment, self-employment, and conflicting-loyalties. *See* Tex. Att'y Gen. Op. No. KP-0407 (2022) at 2. Self-appointment incompatibility prohibits an officer from being appointed to a position over which the officer has appointment authority. *Id.* Because neither position at issue here appoints the other, self-appointment incompatibility is not applicable. *See* Request Letter at 2–3 (explaining that the AVFD fire chief is elected by the AVFD members); TEX. CONST. art. V, § 18(b) (stating that county commissioners are elected by qualified voters).

Self-employment incompatibility prohibits an officer from being employed in a position over which the officer has employment authority. Tex. Att'y Gen. Op. No. KP-0434 (2023) at 2; *see Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928) (holding that a county judge could not be employed as an attorney by the commissioners court over which the judge presided). This aspect of the doctrine is "not limited to an 'employment' as one might commonly understand the term, but instead can include a position performed in a voluntary capacity." Tex. Att'y Gen. Op. No. KP-0434 (2023) at 2. The "fundamental consideration" under the self-employment aspect is the "*supervision* of the subordinate by the officer." *Id.* (citations and internal quotations omitted).

Of the opinions you reference, we find Attorney General Opinion JC-0385 dispositive to your question. *See* Request Letter at 3–4. This opinion concluded that a volunteer firefighter may serve on the commissioners court. Tex. Att'y Gen. Op. No. JC-0385 (2001) at 2. Although the commissioners court in that opinion donated money to the volunteer fire department, the commissioners court did not control the volunteer fire department or determine the members' duties. *Id.* at 1–2. Additionally, the department in Opinion JC-0385 was not housed on county land or led by a chief requiring approval by the commissioners court. *Id.* at 1.

---

[3] You do not tell us if the AVFD's fire chief is a member of AVFD's governing body or an officer or director of AVFD. We note, however, that subsection 81.002(c) of the Texas Local Government Code permits a county commissioner, subject to the provisions of Texas Local Government Code chapter 171, to "serve as a member of the governing body of or as an officer or director of an entity that does business with the county." TEX. LOC. GOV'T CODE § 81.002(c).

Similarly, in the instant case, you tell us the commissioners court neither "exert[s] express control" over AVFD's members nor determines the "specific duties of the fire chief or volunteer firefighters." Request Letter at 3–4. You explain the County "does not approve membership, nor does it require the AVFD to obtain commissioners' court approval of the fire chief," who is elected by AVFD's members. *Id.* at 3–5. While the County does provide the AVFD funds and equipment, we do not understand the commissioners court to approve or disapprove specific line items in the AVFD's budget and monetary requests.[4] *Id.* at 2. An individual's simultaneous service in two positions is not barred by the self-employment aspect of the incompatibility doctrine simply because one position provides funding to or even approves the accounts and budgets of the other position. *See* Tex. Att'y Gen. Op. No. GA-1083 (2014) at 3 (determining that a school district's partial funding of a juvenile department did not authorize the school district to supervise the department's employees); *see also* Tex. Att'y Gen. LO-97-081 (1997) at 2 (rejecting the suggestion that self-employment incompatibility bars a county commissioner from serving as a reserve deputy sheriff because the sheriff's accounts and budgets are approved by the commissioners court). Rather, the commissioners court's lack of supervision over the AVFD makes the self-employment aspect of the common-law doctrine of incompatibility inapplicable.

We last address conflicting-loyalties incompatibility, which prohibits the simultaneous holding of two public offices that would prevent an individual from "exercising independent and disinterested judgment in either or both positions." Tex. Att'y Gen. Op. No. KP-0407 (2022) at 2 (citations omitted); *see also Thomas v. Abernathy Cnty. Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted) (determining that a school trustee and municipal alderman are incompatible public offices). An individual is a public officer if "any sovereign function of the government is conferred . . . to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (quoting *Dunbar v. Brazoria Cnty.*, 224 S.W.2d 738, 740–41 (Tex. App.—Galveston 1949, writ ref'd)). For conflicting-loyalties incompatibility to apply, both positions must be public offices. Tex. Att'y Gen. Op. No. KP-0407 (2022) at 2.

This office has previously opined that neither a volunteer firefighter nor a director of a nonprofit volunteer fire department holds public office for purposes of the incompatibility doctrine. *See, e.g.*, Tex. Att'y Gen. Op. Nos. KP-0434 (2023) at 2 (stating a volunteer firefighter is not a public officer), GA-0084 (2003) at 5 (stating that a director of a volunteer fire department is not a public officer); *see also* Tex. Att'y Gen. LO-93-54 (1993) at 1 (reasoning that because volunteer fire departments are not political subdivisions or local government departments, volunteer firefighters are not public officers for the purposes of the incompatibility doctrine). As such, the position of AVFD fire chief is not a public office and thus conflicting-loyalties incompatibility does not apply. Accordingly, a court would likely conclude that the common-law doctrine of incompatibility does not prohibit the simultaneous service you describe.

---

[4] Based on your request letter, we assume that the AVFD directs the payment of its expenses with the funds it receives by requesting the funds be disbursed. *See* Request Letter at 1–2 & n.2, 5 (noting that the AVFD is a "501(c)(3) charitable organization," to which both the City of Andrews and the County provide "funds" that are "used for" expenses such as training, call-out pay, and pension benefits and that "all AVFD funds" are deposited in a trust that are disbursed "on request of the AVFD"). Further, you tell us that the AVFD has requested that the trust account "be closed and those funds transferred to a private account managed by the AVFD." *Id.* at 2 n.1.

Given the concerns you raise about the financial relationship between the County and the AVFD, we caution that other state law provisions, which we do not address here, may be relevant to the simultaneous service at issue even though article XVI, subsection 40(a) of the Texas Constitution and the common-law doctrine of incompatibility do not prohibit such simultaneous service. *See, e.g.*, TEX. LOC. GOV'T CODE §§ 171.001–.010 (regulating conflicts of interest for county public officials), 176.001–.013 (requiring local government officers to disclose certain relationships).

### S U M M A R Y

Article XVI, subsection 40(a) of the Texas Constitution does not bar a person from simultaneously serving as a county commissioner and a fire chief of a volunteer fire department in the same county. A court would likely conclude the common-law doctrine of incompatibility also does not bar such dual service.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

AMANDA K. ROMENESKO
Assistant Attorney General, Opinion Committee