

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 19, 1992

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-156

Re: Whether article XVI, section 40 of the Texas Constitution or the common-law doctrine of incompatibility precludes a deputy constable from simultaneously holding a position as an assistant fire chief with the City of Houston Fire Department (RQ-290)

Dear Mr. Driscoll:

You have asked for our opinion as to whether, under article XVI, section 40 of the Texas Constitution or the common-law doctrine of incompatibility, a deputy constable simultaneously may hold a position as an assistant fire chief with the City of Houston Fire Department. We conclude that neither article XVI, section 40 of the constitution nor the common-law doctrine of incompatibility precludes one person from simultaneously holding both positions.

We first consider whether the Texas Constitution precludes one person from simultaneously holding positions as deputy constable of a county and assistant fire chief of the City of Houston Fire Department. Article XVI, section 40 of the Texas Constitution states: "No person shall hold or exercise at the same time, more than one civil office of emolument." Section 40 applies only to persons who profit monetarily from their office. 2 D. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 777 (1977) (citing *Irwin v. State*, 77 S.W.2d 970 (1944)) (citation omitted); *see also* Attorney General Opinion MW-450 (defining "emolument"). We understand that both positions about which you inquire, the deputy constable position and the assistant fire chief position, are salaried positions. Thus, both are positions "of emolument." We proceed to consider whether both positions are "civil offices" for purposes of article XVI, section 40 of the constitution.

To determine whether a position is a "civil office" for purposes of article XVI, section 40 of the constitution, we must apply the definition of "public officer" that the Texas Supreme Court articulated in *Aldine Independent School District v. Standley*, 280 S.W.2d 578, 582-85 (Tex. 1955). According to the *Aldine* court, a public officer, unlike a public employee, exercises a sovereign function largely independent of the control of others for the public benefit. *Aldine Indep. School Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (quoting *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740 (Tex. Civ. App.--Galveston 1949, writ ref'd)); *see* Attorney General Opinions JM-499 at 4, JM-485 at 1 (1986); Letter Advisory No. 31 (1973) at 2. This distinction recognizes the essential elements of public office: first, the officeholder's authority to exercise governmental power for the benefit of the public; and second, the officeholder's independence from the control of other governmental entities or officials.

Pursuant to section 86.011(a) of the Local Government Code, a county constable may appoint a deputy constable if the constable has received the approval of the county commissioners court. *See* 35 D. BROOKS, TEXAS PRACTICE: COUNTY AND SPECIAL DISTRICT LAW *Peace Officers and Jail* § 20.10, at 689 (1989). Once approved, the proposed deputy constable must qualify for office in the same manner as a deputy sheriff; that is, the deputy constable must take and subscribe the official oath. Local Gov't Code §§ 85.003(b), 86.011(b). The appointing official may terminate the deputy constable at will. *Id.* §§ 85.003(c), 86.011(b); D. BROOKS, *supra*, at 688. Deputy constables may perform all acts and duties that the constable is authorized to perform. Local Gov't Code §§ 85.003(d), 86.011(b); *see Wilson v. State of Texas*, 36 S.W.2d 733, 734 (Ct. Crim. App. 1931); D. BROOKS, *supra*, at 689. The Texas Supreme Court has held, based on the statutory provisions creating and empowering the position of deputy constable, that a deputy constable is legally vested with some portion of the government's sovereign functions, which functions the deputy constable is to exercise for the benefit of the public; accordingly, the Supreme Court has concluded that the deputy constable of a county is a public officer. *Rich v. Graybar Elec. Co.*, 84 S.W.2d 708, 709 (Tex. 1935) (quoting *Murray v. State of Texas*, 67 S.W.2d 274 (Ct. Crim. App. 1933)). Consequently, the position of deputy constable is a civil office of emolument for purposes of article XVI, section 40 of the constitution.

Whether the position of assistant fire chief with the City of Houston Fire Department also is a civil office of emolument is a more difficult question. While state law creates and empowers the office of deputy constable, both state law and city law provide for the position of assistant fire chief. Thus, we look to applicable

sections of the state code as well as Houston's city code to determine whether either vests some portion of the government's sovereign functions with an assistant fire chief and requires the assistant fire chief to exercise those functions for the benefit of the public largely independent of the control of others. If so, of course, the position of assistant fire chief is a civil office of emolument.[1]

We find relevant and applicable provisions of the state code in Local Government Code chapter 143, subchapter G.[2] *See* Local Gov't Code § 143.101(a). Section 143.102(a) authorizes the head of the fire department of such a municipality to appoint, subject to confirmation by the municipality's governing body (*id.* § 143.102(k)), a person to a "command staff position[3] at the rank of assistant chief." [Footnote added.] The head of the fire department must establish required qualifications for persons appointed to the position of assistant chief, which qualifications must include standards relating to management experience, education and training background, special experience, and a performance evaluation. *Id.* § 143.102(b). The municipality's governing body must approve the qualifications by a vote of two-thirds of the governing body's members present and voting. *Id.* The

---

[1]We note that you appear to rely on *Gallegos v. City of Houston*, No. 91-00592, slip op. (Dist. Ct. of Harris County, 11th Judicial Dist. of Texas, Oct. 28, 1991), to support the contention that the position of assistant fire chief is a civil office of emolument. For several reasons, we do not believe *Gallegos* is dispositive here. First, the plaintiff in that case, Gallegos, held a position as a fire alarm dispatcher, not as an assistant fire chief, with the City of Houston Fire Department. Slip op. at 1; Stipulation of Facts at 2, para. 9. Second, the parties in *Gallegos* stipulated that the fire alarm dispatcher position is not a civil office of emolument. Slip op. at 1; Stipulation of Facts at 2, para. 11. Third, the judge in *Gallegos* did not state any basis for his decision that the plaintiff, Gallegos, simultaneously could not hold the positions of fire alarm dispatcher and Texas legislator. However, in two letter opinions discussing the same set of facts before the court in *Gallegos*, this office considered whether the last sentence of article XVI, § 40 of the Texas Constitution would preclude Gallegos from simultaneously holding both positions. *See* Attorney General Letter Opinions LO-90-55A (1991); LO-90-55 (1990). The last sentence of article XVI, § 40 prohibits a member of the state legislature from holding "any other office or position of profit under this State, or the United States, except as a notary public if qualified by law." This portion of article XVI, § 40 does not pertain to the set of facts before us here.

[2]Local Government Code chapter 143, subchapter G applies to municipalities with a population greater than 1.5 million. Local Gov't Code § 143.101(a). The 1992-93 Texas Almanac lists the population of the city of Houston as 1,630,553. TEXAS ALMANAC 1992-93 at 149. Subchapter G therefore applies to the city of Houston.

[3]We understand "command.staff position" to refer to a position in which the holder supervises and controls certain other personnel.

head of the fire department may remove a person holding the rank of assistant fire chief only for cause in compliance with the procedures for disciplinary action or demotion articulated in subchapter D of chapter 143. *Id.* § 143.102(g).

Home rule cities may provide for the creation and operation of a fire department within the city's limits. *Id.* § 342.011; *see* 52 TEX. JUR. 3d *Municipalities* § 212, at 236 (1987); D. BROOKS, *supra, Fire Protection* § 31.1, at 277. *See generally* Local Gov't Code ch. 143 (civil service provisions, pertaining to fire fighters and peace officers, applicable to municipalities that have adopted them). You have informed us that Houston is a home rule city. Section 34-53 of the City of Houston Code provides the chief of the fire department with full control, supervisory powers, and authority over all officers and employees in the department. Section 34-54 creates the assistant fire chief position:

> The positions of assistant chief of the fire department shall constitute the second level of command within the department, and the holders thereof shall assist the chief of the fire department in the administration of the department by performing such duties as he may lawfully direct.

Houston City Code § 34-54.

We note that, under the City of Houston Code, an assistant fire chief has some special authority. Section 34-55, for example, provides a designated assistant fire chief with special powers in the event of the chief's absence or disability:

> The chief of the fire department shall, from time to time, designate one of the persons holding the rank of assistant chief of the fire department to discharge his duties during any time that the chief may be absent or otherwise unable to perform such duties. The person so designated shall be vested with the full authority of the office of chief of the fire department when acting for the chief in that capacity.

*Id.* § 34-55. Furthermore, section 34-58 of the City of Houston Code provides assistant fire chiefs with police power at all fires:

> The chief of the fire department and each of his assistants and all officers thereof shall have the same police power at all

fires as the police officers of the city have.  Any person refusing
to comply with any reasonable orders given by the chief of the
fire department, or any official in the fire department, shall be
deemed guilty of a misdemeanor.

*Id.* § 34-58.  Despite the special authority granted assistant fire chiefs, section 34-53
of the Houston City Code and job descriptions of all the assistant fire chief positions
with the City of Houston Fire Department expressly provide that the fire chief is to
directly control and supervise the assistant fire chiefs.[4]  *See also id.* § 34-54
(requiring each assistant fire chief to perform those duties that fire chief lawfully
directs).  The fact that the fire chief directly supervises an assistant fire chief's
actions requires us to conclude that an assistant fire chief does not exercise "any
sovereign function ... largely independent of the control of others."  *See Aldine
Indep. School Dist. v. Standley*, 280 S.W.2d at 583.  Accordingly, we believe that the
position of assistant fire chief with the City of Houston Fire Department is not a
civil office of emolument, but rather an employment (*see* Attorney General Opinion
JM-1266 (1990) at 2).  Therefore, article XVI, section 40 of the Texas Constitution
does not preclude one person from simultaneously serving as deputy constable and
assistant fire chief in the City of Houston Fire Department.

We next consider whether the common-law doctrine of incompatibility
prohibits one person from simultaneously holding both positions.  The common-law
doctrine of incompatibility prevents a person from holding two offices if one office
might impose its policies on the other or subject it to control in some other way.
Attorney General Opinion DM-55 (1991) at 1.  As we have concluded that the
assistant fire chief position with the City of Houston Fire Department is not an
office but rather an employment, the common-law doctrine of incompatibility does
not preclude a deputy constable from also serving as assistant fire chief.  *See*
Attorney General Opinion JM-1266 at 4.

---

[4]We received job descriptions for the following assistant fire chief positions with the City of
Houston Fire Department:  Assistant Fire Chief/Central Command; Assistant Fire Chief/Emergency
Medical Services; Assistant Fire Chief/Operations; and Assistant Fire Chief/Quadrant.

## S U M M A R Y

The position of deputy constable of a county is a civil office of emolument. However, the position of assistant fire chief in the City of Houston Fire Department is not a civil office of emolument. Thus, neither article XVI, section 40 of the Texas Constitution nor the common-law doctrine of incompatibility precludes one person from simultaneously serving as deputy constable for a county and assistant fire chief for the City of Houston Fire Department.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General