CITY OF HOUSTON v. FRANK SMITH.

Decided May 7, 1904.

**City Charter—Adoption by City Council—Police—Tenure of Office—Cases Followed.**

City of Houston v. Estes, 35 Texas Civ. App., —, followed, on the holding that the charter provision continuing city police in office during good behavior contemplates only the constitutional tenure of two years, and City of Houston v. Mahoney, ante, p. 568, followed on the holding that the action of the city council in adopting the provisions of the charter did not amount to a reappointment to take effect upon the expiration of the term at which such charter was adopted.

Appeal from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*T. H. Stone* and *E. P. Phelps,* for appellant.

*Lock McDaniel* and *Wilson & Jackson,* for appellee.

GILL, ASSOCIATE JUSTICE.—On April 27, 1896, the appellee was duly appointed a member of the police force of the city of Houston. He qualified as such and was so serving when the city adopted its special charter of 1897. He continued to serve in that capacity until July 14, 1898, when the city marshal assumed to discharge him and thereafter refused to assign him to duty and the city authorities refused to pay him his salary beyond the date of his discharge. No charges were preferred against him nor was he accorded a hearing before the police and health board. On November 11, 1897, he being then a member of the regular police force of the city, the city council embodied in their code of ordinances the provisions of the new charter placing the police and other departments of the city under civil service rules. The effect of the provision, if valid, was to continue in office during good behavior not only the policemen subsequently appointed but also those in office at the time of its adoption.

Appellee brought this suit to recover of the city his salary as policeman from the date of his alleged unlawful discharge until date of the trial, or in any event for the balance of a two-year term beginning April 27, 1898. The trial court gave him a judgment for his salary from July 14, 1898, until April 27, 1900. The city has appealed and by appropriate assignments questions the correctness of the judgment. The appeal will be disposed of on the questions presented by the theory upon which the suit was brought.

The first contention is based upon the theory that the charter provision is valid and appellee was entitled to his salary until tried and discharged for cause under the terms of the charter. The second contention is to the effect that even if the charter provision is valid only to the extent of a two-year term, nevertheless the action of the council in adopting the provisions of the charter amounted to a reappointment

to take effect upon the expiration of his former term, and not having been lawfully removed he was entitled to his salary until April 27, 1900.

The first question has been determined against appellee's contention. City of Houston v. Estes, 35 Texas Civ. App., —, and authorities cited.

We have this day decided in City of Houston v. Mahoney, that the second contention can not be upheld. It is unnecessary to add anything to what was said in that case upon the point. Because the facts show no liability, the judgment of the trial court is reversed and judgment is here rendered for appellant.

*Reversed and rendered.*

Writ of error refused.