Ex Parte Will Preston.

No. 2899. Decided November 19, 1913.

**1.—Falsely Assuming to be Police Officer—Statutes Construed.**

Article 424, Penal Code, defining the offense of falsely assuming, etc., to be an executive officer, etc., includes a police officer of an incorporated city, and where defendant was charged with wilfully and fraudulently assuming and pretending to be a police officer of the City of Houston and contended that he was not guilty of any offense, he was correctly remanded on habeas corpus.

**2.—Same—Statutes Construed—Executive Officer.**

An executive officer of this State as used in article 424, Penal Code, includes any police officer or policeman in any city or town of this State and by such description, the Legislature did not intend to restrict such executive officer to those especially enumerated as constituting the Executive Department of this State by article 1, section 4, Constitution of Texas.

Appeal from the County Court of Harris. Tried below before the Hon. C. C. Wren.

Appeal from a habeas corpus asking release from arrest under a charge of wilfully assuming and pretending to be a police officer in the City of Houston.

The opinion states the case.

*R. H. Holland,* for appellant.—Cited Petterson v. State, 58 S. W. Rep., 100; Ray v. State, 44 Texas Crim. Rep., 158; Corley v. State, 33 S. W. Rep., 975; Munn v. State, 33 S. W. Rep., 977.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Presiding Judge.—The sheriff of Harris County holds the relator in the county jail by virtue of a proper capias. He sued out an original habeas corpus before the county judge, contending that

the complaint and information on which he was arrested and held charged no offense under the laws of Texas, and that he was entitled to his liberty. The county judge who granted the writ heard the case and remanded the relator, from which he has appealed to this court.

The information against him alleges that on October 4, 1913, he did unlawfully, wilfully, and fraudulently assume and pretend to be a police officer of the City of Houston, Harris County, Texas. Then gives the particulars thereof, and further that he was not such officer as he then and there well knew.

This prosecution was had under article 424, Penal Code, which is: "Any person who shall falsely assume or pretend to be a judicial or executive officer of this State, or a justice of the peace, sheriff, deputy sheriff, constable or any other judicial or ministerial officer of any county in the State, and shall take upon himself to act as such, shall be punished by imprisonment in the county jail for a term not exceeding six months, or by fine not exceeding five hundred dollars."

Appellant contends that this statute does not include any city officer, but means only officers of the State and county, which are made so by our Constitution. This is the only question raised.

Our statute, Code of Criminal Procedure, article 43, expressly enacts that policemen of an incorporated town or city are peace officers. Article 44, is: "It is the duty of every peace officer to preserve the peace within his jurisdiction. To effect this purpose, he shall use all lawful means. He shall, in every case where he is authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime. He shall execute all lawful process issued to him by any magistrate or court. He shall give notice to some magistrate of all offenses committed within his jurisdiction, where he has good reason to believe there has been a violation of the penal law. He shall arrest offenders without warrant in every case where he is authorized by law, in order that they may be taken before the proper magistrate or court and be brought to punishment."

Chapter 4, title X, articles 496 et seq., Penal Code, make the keeping of bawdy houses, disorderly houses and houses of assignation offenses and prescribe punishment therefor. Article 506 of that chapter, requires all peace officers, naming them, including mayors, marshals, chiefs of police and deputies and assistants, and policemen, of towns and cities to discover and report to the proper legal authorities, and by all lawful means to aid in the enforcement of the law for violations of the articles of that chapter, and requires the district judges specially to charge grand juries thereabout, and makes it the duty of the grand juries at every term of the District Court to call before them each and all of said officers and examine them under oath touching their knowledge and information of violations thereof and as to their diligence in their enforcement.

Articles 548 to 563, inclusive, Penal Code, denounce gaming and the keeping of premises therefor, etc. Article 461 specially enacts: "When-

ever it shall come to the knowledge of any . . . police officer, or other peace officer, by affidavit of a reputable citizen, or otherwise, that any of the provisions of this law are being violated, it shall be the duty of such officer to immediately avail himself of all lawful means to suppress such violation."

Article 611, Penal Code, makes it an offense to sell intoxicating liquors without license, and the succeeding articles make many other offenses regarding the unlawful sale, etc., of intoxicating liquors. Then article 631 in the same chapter requires that any peace officer, having knowledge of the violation of this chapter shall report the same to the county attorney, who shall forthwith prosecute any person or persons violating this law.

Chapter 4, title 8, articles 320 et seq., Penal Code, relating to offenses against public justice, and relating to the arrest and custody of prisoners, make many acts, in connection therewith, offenses,—some misdemeanors, others felonies. Then article 349 defines an officer and states that it means any peace officer, marshal, or policeman of a city or town. Article 261, Code of Criminal Procedure, authorizes towns and cities to establish rules authorizing the arrest, without warrant, of persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offenses against the laws.

And as said by this court in Minter v. State, 70 Texas Crim. Rep., 634, 159 S. W. Rep., 292, "The whole theory and purpose of our laws are that the peace officers, especially, shall do everything and all things necessary or proper to prevent, suppress and punish crime."

23 A. & E. Ency. of Law, 2 Ed., p. 327, says: "In a popular sense a State officer is one whose jurisdiction is co-extensive with the State. In a more enlarged sense a State officer is one who receives his authority under the laws of the State and performs some of the governmental functions of the State."

An executive officer is one whose duties are mainly to cause the laws to be executed. Bouvier's Law Dictionary; Black's Law Dictionary; 23 A. & E. Ency. of Law, p. 326. 28 Cyc., 497, says: "A policeman of a city is a public officer holding his office as a trust from the State and not as a matter of contract between himself and the city." Again, 31 Cyc., 901, defining policeman, says: "As a generic term, a word which may equally apply to any member of the police force, be his rank and station what it may." Throop on Public Officers, in section 10, says that a policeman and a police officer are public officers. Mechem on Public Officers, holds that the police officers of a city are public officers and says: "The power intrusted to the corporation in such cases is intrusted to it as one of the political divisions of the State and it is conferred, not for the benefit of the municipality, but as a means of the exercise of the sovereign power for the benefit of all the citizens. The officers who exercise this power are not the agents or servants of the municipality, but are public officers, agents or servants of the public

at large, and the corporation is not responsible for their acts or omissions, nor for the acts or omissions of the subordinates appointed by them." 1 Dillon on Municipal Corporations, 5th Ed., sec. 390, discussing police officers and their power to make arrests, says: "The office of a police officer is not known to the common law; it is created by statute, and such an officer has and can exercise only such powers as he is authorized to do by the Legislature, expressly or derivatively. He is an officer of the *State,* rather than of the municipality in which he exercises his office." In Johnson v. Hanscom, 90 Texas, 321, Chief Justice Gaines for our Supreme Court, in discussing the character of an officer of the City of Galveston, says: "While acting as justice of the peace the recorder of the city is to all intents and purposes a justice of the peace, and since the criminal jurisdiction of a justice court extends only to prosecutions for violations of certain penal laws of the State, he is as to the functions of that office a State officer. Writs and processes issued by him are State writs and State processes, and hence they must run in the name of the State of Texas." In the City of Galveston v. Hemmis, 72 Texas, 558, our Supreme Court again says: "The statute of this State makes policemen of incorporated cities and towns public officers,—that is, peace officers, and clothes them with the powers and duties of other peace officers." See also Rusher v. City of Dallas, 83 Texas, 151; Harris County v. State, 91 Texas, 133.

In Sanner v. State, 2 Texas Crim. App., 458, this court held that the word officer in article 1022, Penal Code, making it an aggravated assault to commit an assault and battery upon an officer, included and meant a policeman of any city or town.

From these authorities we are clearly of the opinion that an "executive officer of this State," as used in said article 424, Penal Code, quoted above, includes any police officer or policeman in any city or town of this State, and that by such description the Legislature did not intend to restrict such an executive officer to those specially enumerated as constituting the executive department of this State by section 1, article 4, of our Constitution, as contended by the relator. The language of this statute is significant. It is: "Any person who shall falsely assume or pretend to be a judicial or *executive officer of this State,"*—not a judicial or executive *State officer.* We are further clearly of the opinion that the information in this case charged an offense against the laws of the State under said article 424, Penal Code, and that the county judge was correct in so holding and remanding relator to the custody of the sheriff. His judgment is, therefore, affirmed and we again remand him to the custody of the sheriff.

*Relator remanded to custody.*