

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 31, 1949

Hon. Tom McLeroy
County Attorney
Shelby County
Center, Texas

Opinion No. V-833

Re: Applicability of the
anti-nepotism sta-
tutes to the appoint-
ment of a policeman
by the City Council
of a city incorporated
under Title 28, Chap-
ters 1-10, V.C.S.

Dear Sir:

You have requested an opinion on a question which, in substance, is as follows:

Is the City Council of a city incor-
porated under Title 28, Chapters 1-10, V.C.S.,
prohibited by the anti-nepotism provisions
of V.P.C. from appointing a brother of a
member of the council to the office of city
policeman, who will also act as city scavenger,
and compensate him for his services from public
funds of the city and fees of office?

A city incorporated under the first ten chap-
ters of Title 28, V.C.S., may provide by ordinance for
the appointment of its police officers. (Art. 998,
V.C.S.) Assuming in the instant case that the city
council has passed such an ordinance, the council may
impose upon a policeman the added duties of city
scavenger. (Art. 1002, V.C.S.) Article 998 provides
such police officers "shall receive a salary or fees
of office, or both, as shall be fixed by the city
council."

Article 432, V.P.C., reads:

"No officer of this State or any officer
of any district, county, city, precinct, school
district, or other municipal subdivision of
this State, or any officer or member of any
State, district, county, city, school district
or other municipal board, or judge of any court,
created by or under authority of any general or

special law of this State, or any member of
the Legislature, shall appoint, or vote for,
or confirm the appointment to any office,
position, clerkship, employment or duty, of
any person related within the second degree
by affinity or within the third degree by
consanguinity to the person so appointing
or so voting, or to any other member of any
such board, the Legislature, or court of
which such person so appointing or voting
may be a member, when the salary, fees, or
compensation of such appointee is to be paid
for, directly or indirectly, out of or from
public funds or fees of office of any kind
or character whatsoever."

Article 433, V.P.C., specifically provides
that the provisions of this law (Arts. 432 through
437, V.P.C.) shall apply to and include mayors, com-
missioners, recorders, and aldermen of incorporated
cities and towns.

Articles 435 and 437, V.P.C., read respec-
tively as follows:

Art. 435. "No officer or other person
included within the third preceding Article
shall approve any account or draw or author-
ize the drawing of any warrant or order to
pay any salary, fee or compensation of such
ineligible officer or person, knowing him
to be so ineligible."

Art. 437. "Whoever violates any pro-
vision of the five preceding Articles shall
be guilty of a misdemeanor involving official
misconduct, and shall be fined not less than
One Hundred nor more than One Thousand Dollars."

Article 5906, V.C.S., in part, provides:

"Whoever violates any provision of the
Penal Code relating to nepotism and the in-
hibited acts connected therewith shall be
removed from his office, clerkship, employ-
ment or duty, as therein provided."

These and other statutes evidence the meticulous care taken by the Legislature to prohibit public officers of this State, including mayors and aldermen of cities, from appointing their near relatives to public office or employing them in any other public capacity, when their compensation is to be paid, directly or indirectly, out of public funds or fees of office of any kind or character whatsoever.

A policeman of a city is a public officer. Ex parte Preston, 72 Tex. Crim. 77, 161 S.W. 115 (1913); Yett v. Cook, 115 Tex. 205, 281 S.W. 837 (1926). The inhibitions set forth in Article 432 apply to mayors and aldermen of cities incorporated under Title 28, Chapters 1-10, V.C.S. Brothers are related to each other with the first degree of consanguinity, and, as stated by you, come within the prohibited degree of relationship defined in Article 432. The brother of an alderman, if appointed to the office of city policeman by the city council, will be compensated for his services from public funds and fees of office.

In view of the facts recited and the plain provisions of the statutes cited, it is the opinion of this office that such an appointment cannot lawfully be made.

### SUMMARY

The city council of a city incorporated under Title 28, Chapters 1-10, V.C.S., cannot lawfully appoint a brother of an alderman of the city to the office of city policeman and compensate him for his services from public funds of the city or fees of office of any kind or character whatsoever. Arts. 432-437, V.P.C.; Art. 5906, V.C.S.

Very truly yours

APPROVED:                    ATTORNEY GENERAL OF TEXAS

*Price Daniel*

ATTORNEY GENERAL      By      *Bruce W. Bryant*

                              Bruce W. Bryant
                                   Assistant

BWB:amm