

**Office of the Attorney General**
**State of Texas**

**DAN MORALES**
ATTORNEY GENERAL

April 25, 1991

Honorable Alvin Roy Granoff
Chairman
Committee on State, Federal and
   International Relations
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-20

Re: Authority of the Coordinating Board to mandate training requirements for locally elected community and junior college trustees, and related questions (RQ-2171)

Dear Representative Granoff:

You ask two questions in regard to junior college[1] districts. Your first question is whether the Texas Higher Education Coordinating Board[2] may establish training requirements for trustees of junior college districts.

The authority of the Coordinating Board in regard to junior colleges is set out in section 130.001 of the Education Code, which provides that the Coordinating Board "shall exercise general control of the public junior colleges of Texas." Educ. Code § 130.001(a). Subsection (b)(3) provides that the Coordinating Board shall "adopt standards for the operation of public junior colleges and prescribe the rules and regulations for such colleges." Section 130.002, however, provides as follows:

> All authority not vested by this chapter or by other laws of the state in the coordinating board or in the Central Education Agency is reserved and retained locally in each of the respective public junior college districts or in the governing boards of such junior colleges as provided in the laws applicable.

---

[1]The term "junior college" will be used to designate entities known either as junior colleges or community colleges. *See* Educ. Code § 130.005 (junior colleges may be redesignated as community colleges).

[2]Statutory references to the Coordinating Board, Texas College and University System, are references to the Texas Higher Education Coordinating Board. Educ. Code § 61.021.

The statement in section 130.001 that the Coordinating Board has "general control" over junior colleges suggests broader authority on the part of the Coordinating Board than does the statement in section 130.002 that all authority not granted to the Coordinating Board or the Central Education Agency is reserved to the junior college districts. *See generally* Attorney General Opinions M-199 (1968); WW-868 (1960). Regardless of how broad the authority of the Coordinating Board is in regard to the operation of junior college districts, however, we do not think that authority to operate the district includes authority to set educational requirements for trustees.

The qualifications for trustees of junior college districts to seek and hold office are set by statute. Educ. Code § 130.082; Elec. Code § 141.001. To interpret the Coordinating Board's authority over junior college districts to include authority to establish educational requirements for individual trustees would allow a state agency to add to those statutory qualifications by rule. The cases and opinions discussed below support the proposition that the qualifications of an elected official to seek or hold office cannot be increased or decreased in that manner.

In *Dickson v. Strickland*, 265 S.W. 1012 (Tex. 1924), the court considered whether the legislature could place a local residency requirement on a candidate for the office of governor. The court held that when the constitution sets out the qualifications for an office, it is not within legislature's power to change or add to those qualifications. Similarly, in *Brown v. Meeks*, 96 S.W.2d 839, 842 (Tex. Civ. App.--San Antonio 1936, writ dism'd), the court held that a commissioners court could not add to or take away from the statutory qualifications for the office of constable. Also, in 1940 this office issued an opinion in response to the question of whether a blind person could take the oath of office and act as Navarro County Treasurer. The opinion stated:

> We have thoroughly examined the Texas statutes and fail to find any article referring to the qualifications of a county treasurer. The county treasurer is elected by the popular vote of the taxpaying citizens of the county; and in the absence of specified qualifications for such officer, anyone who receives a majority of the popular vote is elected and is eligible to take the oath of office and serve as county treasurer.

> Such being the case, the disability of blindness does not in any way interfere with the person elected from taking the oath of office and acting as county treasurer.

Attorney General Opinion O-2910 (1940); *see also* Attorney General Opinions H-1120 (1978) (holding that legislature may impose education requirement for county tax assessor-collector where the constitution imposes no qualification); H-969 (1977) (holding that county, as opposed to home-rule city, could not require officials to file financial disclosure statements); M-728 (1970) (nepotism law does not render Texas Supreme Court appointee ineligible because appointee's son is member of legislature; legislature may not add to or alter eligibility qualifications prescribed by constitution). It follows from those cases and opinions that an individual who satisfies the statutory requirements and who is elected to the office of trustee may serve. Thus, absent specific statutory authority, the Coordinating Board may not, by rule, condition service as a trustee on the satisfaction of an educational requirement. *See* Educ. Code § 23.33 (State Board of Education may set training requirements for school board members);[3] Gov't Code § 27.005 (justices of the peace may be removed for failure to complete continuing education requirements).

Your second question is whether a junior college district is authorized to request an attorney general opinion under section 402.042(b)(6) of the Government Code, which includes among the list of persons authorized to request opinions "a regent or trustee of a state educational institution." We conclude that junior college districts are not state educational institutions for purposes of section 402.042(b)(6).[4]

---

[3]Section 130.084 of the Education Code provides that the board of trustees of a junior college district shall be governed by the general law governing the establishment, management, and control of independent school districts "insofar as the general law is applicable." Because the State Board of Education does not implement policy for public junior colleges, as it does for the public school system, *see* Educ. Code § 11.24(a), we do not think that section 23.33 of the Education Code could be considered applicable to public college districts. *But see* Educ. Code § 11.24(b) (role of State Board of Education in regard to technical-vocational programs, including those at public junior colleges).

[4]You also suggest that the legislature must have used the term "trustees" in reference to junior college districts. In response to that suggestion, we note that "trustees of State educational institutions" were first authorized to request attorney general opinions in 1913. Acts 1913, 33d Leg., ch. 26, at 48. At that time there were no statutes creating or authorizing creation of junior college districts. *See* Acts 1929, 41st Leg., ch. 290, at 648. Therefore, it is clear that the legislature did not use the term "trustees" with junior college districts in mind.

The substance of section 402.042(b)(6) was adopted in 1913. Acts 1913, 33d Leg., ch. 26, at 48. As adopted in 1913, the provision regarding attorney general opinions stated in part:

> [I]n addition to the duties now or that may hereafter, be imposed upon the Attorney General by law, he shall, at the request of the Governor or the heads of the departments of the State Government, including the heads and boards of penal and eleemosynary institution, and all other State boards, regents, trustees of the State educational institutions, and committees of either branch of the Legislature, give them advice in writing upon any question touching the public interest, or concerning their official duties.

Acts 1913, 33d Leg., ch. 26, at 48. Although the wording of section 402.042 of the Government Code is noticeably different from the language of the 1913 statute, that difference stems from the 1987 enactment of title 4 of the Government Code, which was a nonsubstantive revision. Acts 1987, 70th Leg., ch. 147, § 7; see also V.T.C.S. art. 4399 (1925) (making minor and nonsubstantive changes to article 4399, V.T.C.S., the statute regarding attorney general opinions). If there is a conflict between a former statute and a revision that was intended to be nonsubstantive, the former statute will control. Johnson v. City of Fort Worth, 774 S.W.2d 653 (Tex. 1989). Therefore, it is appropriate to look to the language of the 1913 enactment in defining "state educational institution" within the present statute. Although the scope of the word "state" varies according to context, case law supports the conclusion that the language of the 1913 enactment refers to departments whose jurisdiction is statewide. Therefore, the phrase "state educational institution" in the current statute regarding attorney general opinions does not include entities that serve only a limited geographical area of the state. See generally Attorney General Opinion JM-1005 (1989) (entity may be "state" body for some purposes and not others).

In San Antonio Indep. School Dist. v. State, 173 S.W. 525 (Tex. Civ. App.--San Antonio 1915, writ ref'd), the issue was the scope of article XVI, section 30a, of the Texas Constitution. As part of its analysis, the court considered the meaning of the phrase "the board of regents of the state university and boards of trustees or managers of the educational, eleemosynary and penal institutions of the state." In regard to that language, the court stated, "The boards enumerated in the Constitution are clearly all state boards, or boards of the state." Id. at 526. Accord

*Lower Colorado River Auth. v. McGraw*, 83 S.W.2d 629, 634 (Tex. 1935). The opinion then determined that independent school districts were not "state boards" for purposes of article XVI, section 30a. *San Antonio Indep. School Dist., supra*, at 538. In reaching that conclusion, the court noted that the school board "is responsible to the electors in such school district alone." *Id.; cf. Lower Colorado River Auth. v. McGraw, supra*, at 636 (Lower Colorado River Authority, which has "many duties that are coextensive with the limits of the state" is a state board for purposes of article XVI, § 30a).[5]

The language in the statute regarding attorney general opinions is quite similar to the language of article XVI, section 30a, and, we think, just as clearly excludes bodies such as school districts that serve only a portion of the state. *See generally Love v. City of Dallas*, 40 S.W.2d 20, 26-27 (Tex. 1931) (school districts are "state agencies" inasmuch as they administer the state system of public schools and derive their powers by delegation from the state, but they are local entities inasmuch as they are for the benefit of the public within their boundaries); *Ex parte Preston*, 161 S.W. 115 (Tex. Crim. App. 1913) (designation "state officer" can be limited to officer whose jurisdiction is coextensive with the state or it can include any officer who receives his authority under the laws of the state, even if the officer's jurisdiction is limited to a particular area of the state); *Orndorff v. State*, 108 S.W.2d 206 (Tex. Civ. App.--El Paso 1937, writ ref'd) (county commissioners are officers "under the Government of the State" even if they may not be officers "of the Government of the State"); Attorney General Opinion M-1177 (1972) (school employees are not "state" employees for purposes of article XVI, section 40, of the Texas Constitution); *see also* Tex. Const. art. IV, § 22 (directing attorney general to give legal advice to "Governor and other executive officers" upon request).

Junior colleges, like independent school districts, serve only a limited area of the state. Section 130.0011 of the Education Code, which was added in 1987,

_____

[5]Authorities have differed in regard to whether river authorities are state or local bodies for purposes of different constitutional and statutory provisions. *See* Attorney General Opinion H-10 (1973) (implicitly finding that river authority was "local governmental district" for purposes of article XVI, section 14); *see generally* Attorney General Opinion JM-1005 (1989) (river authority is not state agency for purposes of representation by attorney general). Our conclusion that "departments of the State Government" does not include local governmental bodies is bolstered by the fact that in 1977 the legislature added chairmen of the governing board of river authorities to the list of persons authorized to request attorney general opinions. If heads of any governmental body created under the laws of the state, regardless of their jurisdiction, were authorized to request opinions, adding river authorities to the lists of authorized requestors would have been a pointless act.

provides that Texas public junior colleges "shall be two-year institutions primarily serving their local taxing districts and service areas in Texas." The taxing authority of junior college districts is limited to property within the district. Educ. Code § 130.121. Junior college districts may exempt residents of the district from payment of tuition. *Id.* § 130.085. Junior college districts do receive state funds, *id.* § 130.003, and are subject to supervision by the Coordinating Board, a state agency. *Id.* § 130.001. These features, however, do not give them statewide responsibility and therefore do not make them "state" institutions any more than state funding and supervision by the Central Education Agency make school districts state institutions. Educ. Code § 11.02 (authority of Central Education Agency in regard to school districts); *id.* ch. 16 (Foundation School Program); *see* Attorney General Opinions M-199 (1968); WW-868 (1960) (concluding that junior college districts are part of local public school system). Therefore, a junior college district is not a "state educational institution" for purposes of section 402.042(b)(6), and its board of trustees is not authorized to request attorney general opinions.

## SUMMARY

The Higher Education Coordinating Board may not by rule set training requirements for trustees of junior college districts. A junior college district is not authorized to request an attorney general opinion under section 402.042(b)(6) of the Government Code.

Very truly yours,

DAN MORALES
*Attorney General of Texas*

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General