

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 28, 1996

The Honorable Fred Hill
Chair
House Committee on Urban Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-381

Re: Whether police officers of a home-rule city must comply with the provisions of article XVI, section 1 of the Texas Constitution every two years, and related questions   (RQ-767, RQ-789)

The Honorable Doyle Willis
Chair
Select Committee on Veterans Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Gentlemen:

Representative Hill asks whether home-rule city police officers and "[n]on-police officer employees" of the police department are "appointed officers" under article XVI, section 1 of the Texas Constitution. Representative Willis asks on behalf of the Fort Worth Police Department whether article XVI, section 30 of Texas Constitution requires home-rule city police officers to comply with the provisions of article XVI, section 1 every two years.

Article XVI, section 1 of the Texas Constitution requires elected and appointed officers to take an oath of office. An amendment to section 1 approved by the voters on November 7, 1989, requires elected and appointed officers to sign and file a statement with the secretary of state before taking the oath of office. The statement to be signed by appointed officers is as follows:

> I, _____, do solemnly swear (or affirm) that I have not directly or indirectly paid, offered, or promised to pay, contributed, or promised to contribute any money, or valuable thing, or promised any public office or employment, as a reward to secure my appointment . . . .

Tex. Const. art. XVI, § 1. Article XVI, section 30 provides, with exceptions, that "[t]he duration of all offices not fixed by this Constitution shall never exceed two years." *See also id.* §§ 30a (authorizing legislature to provide by law for six-year terms for officers of

state agencies), 30b (two-year term limit not applicable to municipal offices under civil service).

The secretary of state has informed law enforcement agencies by letter that the 1989 amendment to article XVI, section 1 requires elected and appointed officers to file a sworn statement with the secretary of state before executing the oath of office. The letter also mentions a case wherein the failure to file the statement affected the outcome of a proceeding before a justice court. A deputy sheriff was called to testify about issuing a speeding ticket. Because the deputy had not filed the statement required by article XVI, section 1 of the Texas Constitution, the justice of the peace excluded his testimony and dismissed the charge.

We find no judicial decision or attorney general opinion stating whether police officers are public officers within article XVI, section 1. *But see* Attorney General Opinion H-1027 (1977) (commissioned officers of Department of Public Safety are appointed officers required to take constitutional oath). In Attorney General Opinion DM-212, however, we concluded that article XVI, section 40 of the Texas Constitution, which prohibits one person from holding two civil offices of emolument, does not as a matter of law prohibit city police officers and sheriff's deputies from serving as part-time security officers for a school district. Attorney General Opinion DM-212 (1993) at 2. We relied for this conclusion upon the test adopted by the Texas Supreme Court in *Aldine Independent School District v. Standley*, 280 S.W.2d 578 (Tex. 1955).

In *Aldine*, the court held that the decisive factor distinguishing a public officer from a public employee is "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public *largely independent of the control of others.*" *Id.* at 583 (quoting *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740-41 (Tex. Civ. App.--Galveston 1949, writ ref'd)) (emphasis supplied by court in *Aldine*). *See also Green v. Stewart*, 516 S.W.2d 133 (Tex. 1974) (concluding in reliance on *Aldine* that deputies in tax assessor-collector's office are not officers because they acted in tax assessor-collector's right rather than in their own right). In *Harris County v. Schoenbacher*, 594 S.W.2d 106 (Tex. Civ. App.--Houston [1st Dist.] 1979, writ ref'd n.r.e.), the court concluded that the chief juvenile probation officer was not a public officer, even though the statute conferred upon him authority to perform certain sovereign functions, because he could not exercise them largely free of the control of the juvenile board. Attorney General Opinion DM-212 expressed the view that the Texas courts would apply the *Aldine* test and would conclude that at least some city police officers, sheriff's deputies, and security officers do not hold civil offices.[1] Attorney

---

[1]A number of statutes place some police officers under the control and supervision of other persons. *See* Local Gov't Code §§ 143 (civil service system for police officers and firefighters), 175 (Fire and Police Employee Relations Act); *see also id.* §§ 341.001 (type A general law city may establish and regulate municipal police force), .003 ("A home-rule city may provide for a police department."). A city police officer is moreover licensed by the state, and is subject to having the license suspended or revoked

General Opinion DM-212 (1993) at 2. Whether a particular police officer, deputy, or school district security officer held a civil office depended on the resolution of factual issues and therefore could not be determined in an attorney general opinion. *Id.*

After Attorney General Opinion DM-212 was issued, the Texas Court of Criminal Appeals relied upon the *Aldine* test to conclude that neither an assistant attorney general nor an assistant district attorney was a public officer for purposes of the article XVI, section 40 prohibition against holding two civil offices of emolument. *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921 (Tex. Crim. App. 1994). The adoption of the *Aldine* test by the court of criminal appeals gives additional support to our conclusion in Attorney General Opinion DM-212. We affirm our conclusion that city police officers are not as a matter of law civil officers of emolument within article XVI, section 40 of the Texas Constitution.

However, early judicial decisions cite provisions of the Code of Criminal Procedure as authority for the conclusion that city police officers are public officers. *See Yett v. Cook*, 281 S.W. 837 (Tex. 1926); *Irwin v. State*, 177 S.W.2d 970 (Tex. Crim. App. 1944); *Ex parte Preston*, 161 S.W. 115 (Tex. Crim. App. 1913); *City of Paris v. Cabiness*, 98 S.W. 925 (Tex. Civ. App. 1906, no writ); *City of Houston v. Smith*, 80 S.W. 1144 (Tex. Civ. App. 1904, writ ref'd); *City of Houston v. Estes*, 79 S.W. 848 (Tex. Civ. App. 1904, writ ref'd). In the *Aldine* case, the Texas Supreme Court referred to some of these decisions, distinguishing *Cabiness*, *Estes*, "and other cases involving the right to discharge a policeman," as follows:

> City policemen are expressly declared by the provisions of Article 36, Vernon's Ann. Code of Crim. Procedure of Texas, to be 'peace officers', and peace officers are expressly declared to be included within the general term 'officers' by Article 50, Vernon's Ann. Code of Crim. Procedure of Texas. Both these statutes were operative when all the above cases were decided.

*Aldine*, 280 S.W.2d at 585. The cited statutes are now respectively articles 2.12 and 3.03 of the Code of Criminal Procedure.

Article 2.12 of the Code of Criminal Procedure identifies police officers as "peace officers," and article 3.03 states that the term "officers" includes magistrates and peace officers. Other provisions of the Code of Criminal Procedure authorize a peace officer to preserve the peace and to make arrests without warrants in some circumstances, Code Crim Proc. art. 2.13, to summon citizens to assist him when necessary to overcome resistance, *id.* art. 2.14, and to intervene when someone is about to commit an offense

---

(footnote continued)

for violating the licensing statute or a rule adopted thereunder. *See* Gov't Code ch. 415 (establishing Texas Commission on Law Enforcement Officer Standards and Education and defining its powers and duties).

against the person or property of another within his view, *id.* art. 6.06. *See also id.* arts. 6.05, 8.05, 14.01(b), .03 - .04.

The cases that rely on Code of Criminal Procedure provisions to find that a city police officer is a public officer are not recent cases, but they have not been overturned. In the absence of more judicial guidance on the question before us, we cannot definitely predict what test the courts would use in determining whether or not a city police officer must file the statement and take the constitutional oath required by article XVI, section 1 of the Texas Constitution. We therefore advise you to err on the side of caution, and to assume that a police officer must take the oath required by article XVI, section 1 of the Texas Constitution until the courts answer this question. The opinion of the Texas Court of Criminal Appeals is especially important, because it is the court that addresses questions of the validity of a search and seizure conducted by a police officer. *See* Tex. Const. art. V, § 5 (court of criminal appeals shall have final appellate jurisdiction in criminal cases).

Representative Hill specifically asks whether the provisions of article XVI, section 1 of the Texas Constitution apply to the following employees of a home-rule city: police officers who meet the statutory definition of peace officers as provided by article 2.12 of the Code of Criminal Procedure, and nonpolice officer employees of a police department such as clerks, custodians, secretaries, jailers, telecommunications employees, and other support staff personnel. As we have already stated, our present advice is that police officers should take the oath.

A police department may include employees other than police officers. *See Ellis v. Holcombe*, 69 S.W.2d 449, 453 (Tex. Civ. App.--Galveston 1934, writ ref'd); *see also Holcombe v. Grota*, 102 S.W.2d 1041, 1042 (Tex. 1937) (explaining *Ellis v. Holcombe*). In *Deltenre v. State*, 808 S.W.2d 97 (Tex. Crim. App. 1991), the Texas Court of Criminal Appeals considered whether a specific jailer appointed by the sheriff was a peace officer, within the offense of escape from a peace officer. *See* Penal Code § 38.06 (formerly Penal Code § 38.07). Although *Deltenre* concerns county rather than city law-enforcement personnel, it demonstrates the court's method of determining whether or not an individual is a peace officer within article 2.12 of the Code of Criminal Procedure. The court determined that the jailer was not a peace officer under article 2.12 of the Code of Criminal Procedure because the evidence showed that he had not been certified as a peace officer under chapter 415 of the Government Code or appointed as a deputy sheriff. 808 S.W.2d at 101-02. The court further noted that "[e]ach case must be determined on its own facts as to the sufficiency of the evidence that a jailer, or other law enforcement personnel, satisfies the qualifications of a certified peace officer." *Id.* at 102 n.13. Accordingly, we conclude that employees of the police department who are not peace officers as defined by article 2.12 of the Code of Criminal Procedure and who are not public officers for any other reason are not subject to the requirements of article XVI, section 1 of the Texas Constitution.

Representative Hill next inquires about the correct procedure to meet the constitutional requirement for the police officers who have already been hired. We find no procedure to comply with article XVI, section 1 retroactively. We advise that police officers file the statement and take the constitutional oath as soon as possible.

Representative Willis asks if civil service police departments of home-rule cities must require their officers to take the oath every two years. A letter from the chief of police of the City of Fort Worth states that police officers in his department have traditionally been sworn in only upon graduation from the police academy, or upon special appointment, as in the case of the chief of police. He wishes to know whether members of a police force in a home-rule city are subject to article XVI, sections 1 and 30, so that they must take the oath of office and file the statement every two years. Article XVI, section 30 of the Texas Constitution provides, with exceptions, that "[t]he duration of all offices not fixed by this Constitution shall never exceed two years." However, article XVI, section 30b of the Texas Constitution provides that the duration of appointive offices under a civil service shall be governed by the civil service provisions and not by article XVI, section 30:

> Wherever by virtue of Statute or charter provisions appointive offices of any municipality are placed under the terms and provisions of Civil Service and rules are set up governing appointment to and removal from such offices, the provisions of Article 16, Section 30, of the Texas Constitution limiting the duration of all offices not fixed by the Constitution to two (2) years shall not apply, but the duration of such offices shall be governed by the provisions of the Civil Service law or charter provisions applicable thereto.[2]

Thus, the term limits of article XVI, section 30 do not apply to an officer appointed under a municipal civil service system established by statute or charter if appointment to and removal from office are governed by civil service provisions.[3] Law enforcement personnel with civil service protection under chapter 143 of the Local Government Code have no set term of office and may be removed only for reasons and under procedures governed by the statute. Local Gov't Code §§ 143.021, .051 - .052, .056, .085; see also id. § 143.001 (purpose of civil service statute is to secure efficient fire and police departments composed of capable personnel with permanent employment tenure). The oath and filing requirements of article XVI, section 1 of the Texas

---

[2]Pursuant to the authorization found in article XVI, section 30b of the Texas Constitution, members of the Fire Fighters' and Police Officers' Civil Service Commission established under chapter 143 of the Local Government Code serve three-year terms. Local Gov't Code § 143.006.

[3]Since a fixed term of office helps protect the officer's independence, see Attorney General Opinion DM-114 (1992) at 3, one effect of article XVI, section 30b is that civil service police officers may be made subject to various statutory controls, which can be enforced by removing the police officer from employment with the city.

Constitution would apply when these individuals are appointed as city police officers. A police officer would not need to file the statement and take the oath again unless he was appointed again, for example, if he left his position with one civil service city and was hired as a police officer by another civil service city.[4]

Representative Willis also asks whether officers sworn prior to the 1989 amendment must file the statement now required by article XVI, section 1 of the Texas Constitution. A constitutional provision operates prospectively unless the language, purpose, or nature of the provision clearly manifests the intent of retrospective operation. *Cox v. Robinson*, 150 S.W. 1149 (Tex. 1912). Article XVI, section 1 requires officers to file the statement with the secretary of state before taking the oath. Nothing in the provision suggests that the filing requirement applies where the appointment was made and the oath was taken prior to the effective date of the 1989 amendment. Officers under a civil service system who took the constitutional oath for appointed officers before the 1989 amendment need not file the statement now. Of course, if for some reason such individuals have been appointed as police officers since the amendment was adopted, they must file the statement before taking the oath.

Representative Willis finally asks, "What will be the impact upon arrests made by these officers, which fall within the ambit of Tex. Code Crim. Proc. Ann. Arts. 14.01(b), 14.03, [and] 14.04."[5] These provisions allow peace officers to make arrests without a warrant under specific circumstances. Article 14.01(b) authorizes a peace officer to arrest an offender without a warrant for any offense committed in his presence or within his view. Article 14.03 authorizes a peace officer to arrest, without a warrant,

> (1) persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony, violation of Title 9, Chapter 42, Penal Code [disorderly conduct and related offenses], breach of the peace, or offense under Section 49.02, Penal Code [public intoxication], or threaten, or are about to commit some offense against the laws;

> (2) persons who the peace officer has probable cause to believe have committed an assault resulting in bodily injury to another person

---

[4]Article XVI, section 17 of the Texas Constitution may be relevant to a police officer of a city that does not furnish civil service protection. Article XVI, section 17 provides that officers "shall continue to perform the duties of their office until their successors shall be duly qualified." An incumbent who remains in office under this provision may continue to carry out his duties without being reappointed or qualifying for office again. *See* Attorney General Opinion O-7502 (1946) (city health officer need not be reappointed every two years to remain in office).

[5]Since a police officer under a civil service system must comply with article XVI, section 1 only upon appointment by a city, your question applies only to officers who did not take the oath as of their most recent appointment.

and the peace officer has probable cause to believe that there is danger of further bodily injury to that person.

Other sections of article 14.03 also authorize arrests without a warrant in various cases of family violence. Article 14.04 provides as follows:

Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

If peace officers in question are de facto officers under Texas law, their arrests made in accordance with these statutes are valid. In *Irwin v. State*, the Texas Court of Criminal Appeals stated as follows:

There is no question but that if the two named officers, or either of them, were deputies sheriff de jure or de facto, the search, in so far as the authority of the officers executing the search warrants was concerned, was legal.

177 S.W.2d at 972; *see also Burkhardt v. State*, 202 S.W. 513 (Tex. Crim. App. 1918) (de facto deputy sheriff could arrest without warrant). The Texas Court of Criminal Appeals has adopted the following definition of "de facto officer":

A de facto officer is one who has the reputation of being the officer, and yet is not a good officer in point of law; in other words, the de facto officer is one who acts under color of a known and valid appointment, but has failed to conform to some precedent requirement, as to take the oath, give a bond, or the like.

*Williams v. State*, 588 S.W.2d 593 (Tex. Crim. App. 1979) (citing *Weatherford v. State*, 21 S.W. 251 (Tex. Crim. App. 1893)).

In *Williams*, relating to a conviction of aggravated assault on a police officer, *see* Penal Code § 22.02(a)(2), the Texas Court of Criminal Appeals held that the evidence showed that the victim was a de facto deputy sheriff, even though his appointment and oath were not recorded in the county clerk's office, as required by the statutory predecessor to Local Government Code section 85.003 and neither his deputation card nor bond indicated that he had taken the oath. In *Henry v. State*, 828 S.W.2d 312, 314-15 (Tex. App.—Fort Worth 1992, pet. ref'd), the court stated in dicta that "[e]ven if [Constable] Brown did not take the requisite oath of office . . . , we find that Brown still qualified as a de facto constable under the record of this case." Whether a police officer is an officer de facto is a fact question, but the fact that the individual has not taken the oath of office does not prevent him from being a de facto police officer.

On the basis of the authorities we have cited, we conclude that a police officer may be shown to be a de facto police officer, even though he has not taken the oath required by article XV1, section 1 of the Texas Constitution, and that a de facto peace officer may validly arrest someone without a warrant where authorized by law.  An arrest by an unlawfully appointed police officer who is a de facto officer under state law and who may legally make arrests under state law would not be an unreasonable seizure under the Fourth Amendment. *See Malone v. County of Suffolk*, 968 F.2d 1480 (2d Cir. 1992).

## S U M M A R Y

Article XVI, section 1 of the Texas Constitution requires elected and appointed officers to take an oath of office, and, pursuant to an amendment approved by the voters on November 7, 1989, to sign and file a statement with the secretary of state before taking the oath of office.  In the absence of judicial guidance on whether city police officers must take the oath and file the statement required by article XVI, section 1, we cannot determine whether or not a city police officer is an appointed officer for purposes of these provisions.  We therefore advise you to err on the side of caution, and to assume that a police officer must take the oath required by article XVI, section 1 of the Texas Constitution, until the courts answer this question.  The opinion of the Texas Court of Criminal Appeals is especially important, because it is the court that addresses questions of the validity of a search and seizure conducted by a police officer.

Employees of the police department who are not peace officers within article 2.12 of the Code of Criminal Procedure are not required by article XVI, section 1 of the Texas Constitution to take the oath of office or file the statement.

We find no procedure whereby police officers who have already been hired may comply with the oath provision retroactively, but we advise police officers who have not complied with this provision to do so as soon as possible.

Officers under a civil service system who were appointed and took the constitutional oath before the 1989 amendment need not now file the statement required by that amendment.

Article XVI, section 30b provides that the two-year term limitation of article XVI, section 30 does not apply to an officer appointed under a municipal civil service system established by statute or charter, if appointment to and removal from office are governed by the civil service provisions.

Arrests made in accordance with statute by de facto police officers are valid. An individual may be a de facto police officer, even though he has not taken the oath of office.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General