July 12, 2004

D.C. Jim Dozier, J.D., Ph.D.
Executive Director
Texas Commission on Law Enforcement
   Officer Standards and Education
6330 U.S. Highway 290 East, Suite 200
Austin, Texas 78723

Opinion No. GA-0214

Re: Whether a peace officer may simultaneously hold a commission from more than one law enforcement agency (RQ-0163-GA)

Dear Dr. Dozier:

On behalf of the Texas Commission on Law Enforcement Officer Standards and Education ("TCLEOSE"), you ask whether a peace officer may simultaneously hold a commission from more than one law enforcement agency.[1] The law enforcement agency that appoints a peace officer "commissions" him, thereby giving him the legal power to act as a peace officer. *See* 37 TAC § 211.1(a)(6),(14) (2004). For purposes of this opinion, to "commission" a peace officer means to employ or appoint the officer.

A law enforcement agency, such as a municipal police department, may not employ and commission an individual as an officer[2] unless the individual holds a peace officer license issued by TCLEOSE. *See* TEX. OCC. CODE ANN. §§ 1701.301, .307 (Vernon 2004). An "officer" subject to TCLEOSE jurisdiction includes a "peace officer," defined as "a person elected, employed, or appointed as a peace officer under Article 2.12, Code of Criminal Procedure, or other law" and a "reserve law enforcement officer" as defined by Occupations Code section 1701.001. *See id* § 1701.001(3)-(4), (6); *see also* TEX. CODE CRIM. PROC. art. 2.12 (Vernon Supp. 2004) (listing peace officers). You ask whether a licensed individual may be appointed by and serve as a peace officer at more than one law enforcement agency at the same time, raising Texas Constitution article XVI, section 40 and the common-law doctrine of incompatibility as possible impediments. *See* Request Letter, *supra* note 1, at 2.

---

[1]Letter from D.C. Jim Dozier, Ph.D., Executive Director, Texas Commission on Law Enforcement Officer Standards and Education, to Honorable Greg Abbott, Texas Attorney General (Jan. 9, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]A statute may describe the person holding a public position as an "officer," but that title does not necessarily mean the person holds a public office. *See* Tex. Att'y Gen. Op. Nos. JM-480 (1986) at 3 (Veterans County Service Officer is not a civil officer or public officer); LO-90-62, at 3 (records management officer is an "officer" in name only). Our use of the terms "police officer" and "peace officer" in this opinion does not mean that such persons are public officers within Texas Constitution article XVI, section 40.

Texas Constitution article XVI, section 40 bars a person from holding more than one civil office of emolument at the same time, with certain exceptions. *See* TEX. CONST. art. XVI, § 40. A "civil officer" under this provision is a public officer. *See Ruiz v. State*, 540 S.W.2d 809, 811 (Tex. Civ. App.–Corpus Christi 1976, no writ); Tex. Att'y Gen. Op. No. MW-415 (1981) (term "civil office" used interchangeably with "public office"); *see also State v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994) ("civil office" pertains to exercise of the powers or authority of civil government). An "emolument" is compensation paid to the officer and does not include reimbursement for actual expenses. *See* Tex. Att'y Gen. Op. No. GA-0132 (2003) at 2.

You note that the court in *Irwin v. State* determined that article XVI, section 40 barred two City of Houston police officers from serving at the same time as special deputy sheriffs for Harris County. *See* Request Letter, *supra* note 1, at 2; *Irwin v. State*, 177 S.W.2d 970, 973 (Tex. Crim. App. 1944). Both positions were compensated. *See Irwin*, 177 S.W.2d at 973. Relying on prior cases holding that a city policeman and a deputy sheriff were officers, the court concluded that each Houston police officer held two "civil office[s] of emolument" in violation of article XVI, section 40. *See id.* (citing *inter alia McDonald v. City of Dallas*, 69 S.W.2d 175 (Tex. Civ. App.–Dallas 1934); *Ex parte Preston*, 161 S.W. 115 (Tex. Crim. App. 1913); *Murray v. State*, 67 S.W. 2d 274 (Tex. Crim. App. 1933)). *But see McDonald v. City of Dallas*, 69 S.W.2d 175 (Tex. Civ. App.–Dallas 1934), *rev'd*, 103 S.W.2d 725, 727 (Tex. 1937) (city policemen were not officers); Tex. Att'y Gen. Op. No. DM-212 (1993) at 3-4 (distinguishing authorities cited in *Irwin*). As a consequence, a search and seizure conducted by the two police officers outside of Houston city limits was invalid. *See Irwin*, 177 S.W.2d at 974. They had no authority as city police officers to conduct the search outside city limits and they did not legally serve as special deputy sheriffs. *See id.*

Until 1993, attorney general opinions concluded, relying on *Irwin*, that all peace officers were public officers within article XVI, section 40. In Attorney General Opinion DM-212, however, this office announced that it would no longer rely on *Irwin* to hold that peace officers were public officers as a matter of law. *See* Tex. Att'y Gen. Op. No. DM-212 (1993) at 4. Instead, it would follow the test for public officer stated by the Texas Supreme Court in *Aldine Independent School District v. Standley* to determine whether a particular peace officer held a public office. *See id.* at 2. The *Aldine* court determined that the decisive factor distinguishing a public officer from a public employee is "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (quoting *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740-41 (Tex. Civ. App.–Galveston 1949, writ ref'd)). The *Aldine* court also referred to the indicia of office, such as holding a fixed term, that help insure an officer's independence from control by others. *See Aldine*, 280 S.W.2d at 581; Tex. Att'y Gen. Op. No. DM-114 (1992) at 3.

Judicial decisions since Attorney General Opinion DM-212 have cited *Irwin* for its test for "civil office of emolument," but not for its holding that a city policeman or a deputy sheriff holds an office. In *State v. Pirtle*, the Court of Criminal Appeals cited the *Irwin* definition of emolument but relied on the *Aldine* test to conclude that assistant attorneys general were employees, not public officers. *See State v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994); *see also Powell v. State*,

898 S.W.2d 821, 825 (Tex. Crim. App. 1994) (citing *Aldine* to determine that assistant district attorney is an employee, not an officer, within Texas Constitution article XVI, section 40; stating that *Irwin* avoided issue raised by article XVI, section 40).

To decide whether a particular peace officer holds a "civil office" within article XVI, section 40, we look at the statutes, ordinances, or constitutional provisions governing the officer to determine "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine*, 280 S.W.2d at 583. This test must be applied on a case-by-case basis and raises questions of fact that cannot be resolved in the opinion process. *See* Tex. Att'y Gen. Op. No. DM-212 (1993) at 2, 6. Since Attorney General Opinion DM-212 was issued, this office has issued opinions considering whether particular peace officers are public officers, and these should provide TCLEOSE with some guidance. *See* Tex. Att'y Gen. Op. Nos. GA-0101 (2003) at 3 (deputy sheriff is not independently vested with governmental authority), JC-0148 (1999) at 2 (deputy constable acts subject to the control and supervision of the constable and is a public employee), LO-98-035 at 2 (reserve deputy sheriffs are usually employees), LO-95-048 at 2, LO-93-27 at 2 (a municipal police officer usually performs duties under the direction and control of others and therefore does not hold an office). When TCLEOSE relies on the cited opinions to assist it in deciding whether a particular licensee is a public officer, it should be aware of any differences between the licensee's duties and supervision and those described in the opinions.

If a peace officer is employed by two different law enforcement entities, you note that he is "responsible to two different 'masters'" and ask whether such employment violates the common-law doctrine of incompatibility. *See* Request Letter, *supra* note 1, at 2. At one time, this office found that certain dual employments violated the common-law doctrine of incompatibility. Attorney General Opinion O-1263 determined that conflicting allegiances made the positions of deputy sheriff and special ranger incompatible. "A deputy sheriff is subject to the orders of the sheriff . . . [and] necessarily owes his allegiance to the sheriff." Tex. Att'y Gen. Op. No. O-1263 (1939) at 2. "A Special Ranger is subject to the orders of the Department of Public Safety and of the Governor." *Id.* The two positions were held to be incompatible because they could be subject to conflicting orders. Attorney General Opinion H-727 (1975) relied on O-1263 to hold that common-law incompatibility barred a deputy sheriff from serving as a town marshal who would be subject to the city council's authority. *See* Tex. Att'y Gen. Op. No. H-727 (1975) at 2. Subsequent opinions have overruled this interpretation of common-law incompatibility. *See* Tex. Att'y Gen. Op. No. GA-0127 (2003) at 3 ("conflicting loyalties" incompatibility applies only where both positions are offices).

The common-law doctrine of incompatibility has three aspects: self-appointment, self-employment, and conflicting loyalties. *See id.* at 2. All officers authorized to appoint someone to another office are disqualified from the office over which they hold the appointive power. *See Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). Self-employment incompatibility, which derives from the self-appointment aspect of incompatibility, prevents one person from holding an office and an employment that the office supervises. *See* Tex. Att'y Gen. LA-114 (1975) at 8 (concluding on the basis of *Ehlinger* that a teacher in a school district may not serve as trustee for the same district); *see also* Tex. Att'y Gen. Op. Nos. JC-0371 (2001) at 2-5, LO-97-034, at 2. Finally, one person may

not hold two offices if their loyalties and duties are in conflict. *See Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted) (offices of school trustee and city alderman were incompatible because the city council had supervisory powers over school property within the city limits). The "conflicting loyalties" aspect of incompatibility applies only where both positions are offices. *See* Tex. Att'y Gen. Op. Nos. GA-0127 (2003) at 3, JC-0054 (1999) at 2.

The doctrine does not reach the practical difficulties involved in holding two positions, such as the impossibility of being in two places at once. *See* Tex. Att'y Gen. Op. No. V-303 (1947) at 2; *see also* Tex. Att'y Gen. Op. No. JM-819 (1987) at 6. Attorney General Opinions O-1263 and H-727 address the practical difficulties of holding two positions, not the legal incompatibility of their functions. A peace officer does not violate the common-law doctrine of incompatibility solely because he is employed and commissioned by two different law enforcement entities and is responsible to two different employers.

We finally note that an individual peace officer may be subject to statutes, rules, ordinances, or policies that limit additional employments. *See generally* Tex. Att'y Gen. Op. No. JC-0270 (2000) at 3. Thus, a peace officer who is considering a second employment must also consult such provisions for additional restrictions on outside employment.

## S U M M A R Y

Unless a peace officer holds a "civil office" within Texas Constitution article XVI, section 40, that provision does not bar him from being employed and commissioned by two law enforcement agencies. A peace officer holds an office within article XVI, section 40, if a sovereign function of government is conferred upon him to be exercised for the benefit of the public largely independent of the control of others. This test must be applied on a case-by-case basis considering facts relevant to the specific peace officer's authority.

A peace officer does not violate the common-law doctrine of incompatibility solely because he is employed and commissioned by two different law enforcement entities and is responsible to two different employers. The common-law doctrine of incompatibility does not reach the practical difficulties involved in holding two positions. Attorney General Opinions O-1263 (1939) and H-727 (1975) are overruled to the extent they incorrectly define the common-law doctrine of incompatibility.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee